# OSWALD v. UTAH LIGHT AND RAILWAY COMPANY.

No. 2194.   Decided June 6, 1911 (117 Pac. 46).

1. STREET RAILROADS—REGULATIONS—CONSTRUCTION OF MUNICIPAL ORDINANCE. An automobilist injured by violation of an ordinance making it unlawful to run any street car without having in charge a motorman and conductor, provided that cars may be run with only one man stationed at the front end of such car when it is in motion, could rely thereon as an act of negligence.   (Page 248.)

2. STREET RAILROADS—INJURIES—JURY QUESTION—NEGLIGENCE. In an action against a street car company for injury to an automobile by a collision, whether defendant was negligent *held* a jury question.   (Page 248.)

3. NEGLIGENCE—"CONTRIBUTORY NEGLIGENCE." A plaintiff who fails to do what the law requires, or what one of prudence would ordinarily do under the same or similar circumstances, is negligent, barring recovery.   (Page 249.)

4. STREET RAILROADS — INJURIES — JURY QUESTION — CONTRIBUTORY NEGLIGENCE. The requirement that a traveler look and listen for approaching cars before attempting to cross the track does not apply to a street railroad to the same extent as in crossing a steam railroad; the question of contributory negligence in the former case being generally left to the jury, while in the latter it is usually held a matter of law.   (Page 250.)

5. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTION FOR COURT. When the conduct is such that reasonable minds may not differ as to what a prudent person would ordinarily have done under the circumstances, the question of contributory negligence is for the court.   (Page 250.)

6. STREET RAILROADS—INJURIES—CONTRIBUTORY NEGLIGENCE. While plaintiff looked toward the track upon approaching a street car track in her automobile, she testified that she only saw a black object on the track, which was in fact an electric engine some fifty or sixty feet away, though there were also several flat cars in front of the engine, and she was unable to tell what the object was and whether it was standing or moving, and that she did not see the flat cars until they were about two feet from the automobile. *Held*, that plaintiff was negligent, preventing recovery for injuries to the automobile by collision.   (Page 251.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Ella E. Oswald against the Utah Light and Railway Company.

Judgment of nonsuit.   Plaintiff appeals.

AFFIRMED.

*Henderson, Pierce, Critchlow & Barrette* for appellant.

*P. L. Williams* and *H. Thompson* for respondent.

STRAUP, J.

Appellant, the plaintiff below, brought this action to recover damages for an injury to her electric automobile alleged to have been sustained by her through the negligence of the defendant in the operation of an electric engine and flat cars upon a public street of Salt Lake City.   The street on which the injury occurred ran east and west.   The accident occurred in the daytime in one of the principal business portions of the city.   The plaintiff and her daughter, who had been shopping, entered the automobile, which, facing west, was standing in the street near the sidewalk.   The plaintiff herself operated the machine.   After starting it and moving it a little toward the west she "turned it in a circle so that it faced south" toward the street railway track.   Before attempting to cross the track she looked along it towards the east and saw "a black object" on the track, the electric engine, but did not see the three or four flat cars in front of it, pushed to the west and toward her.   No one was on the flat cars observing a lookout as they approached, nor was there any gong sounded or bell rung, or other warning signals given of the approach of the cars.   The plaintiff, after testifying that she was sitting on the left side of the machine and had looked towards the east along the track as she left the gutter, and saw only the black object on the track about fifty or sixty feet away, testified that, "knowing that I had an abundance of time to cross

the street," she drove the automobile a little to the west and then south towards the track, and while crossing, the drawbar of the flat car struck the front left-hand side of her machine about where her feet were, and pushed her machine along the track two or three feet, injuring it. On direct examination she was asked and answered: "Q. State whether or not you observed it (the black object) was a car or an electric engine, or whether you observed what particular kind of street car it was. A. No. sir; I just saw it was a black object up there, and I had plenty of time to get across. Q. Did you notice whether at that time it was moving? A. I did not notice." On cross-examination: "Q. And that thing that you saw in the distance you do not know what it was; you did not know at the time? A. No, sir. Q. And you did not know whether it was standing or moving? A. No, sir. Q. Now, is it not a fact that you had an idea what it was? A. Yes, sir; I may have had an idea. Q. Tell us what that idea was. A. The idea was that whatever it was I had an abundance of time to get across the street." She further testified that she did not see the flat cars in front of the electric engine until the forward car was about two feet away and struck the machine. The flat cars had no sides extending above the floor of the car. The floor was about six inches above the wheels. How high the floor was above the ground or rails is not made to appear. On account of the condition of the weather—somewhat cloudy and rainy—the plaintiff had the hood or top of the automobile up, and in looking east along the track she was required to lean somewhat forward. It is not made to appear, nor is it claimed, that the top interfered with her looking or seeing the electric engine or flat cars, or because of the condition of the weather, or for any other cause, they were not plainly visible. It was alleged in the complaint, and admitted in the answer, that the defendant owned and operated the street railway, and that the cars were operated by it.

The plaintiff had pleaded and offered in evidence the following city ordinance: "It shall be unlawful for any person, firm or corporation owning or operating any street railway within the corporate limits of Salt Lake City, to run any car

on or over any track so owned or operated, without having in charge of such car a motorman and a conductor; provided that cars may be run and operated with only one man in charge thereof, if at all times when the car is in motion he shall be stationed at the front end of such car and have charge of the motor."

The court, on defendant's objection, excluded the ordinance, on the theory that it related "only to street cars carrying passengers," and was "enacted for the purpose of protecting passengers riding on cars," and since the electric engine and flat cars were not carrying passengers the ordinance was not pertinent. This ruling is complained of. We think the court erred in its interpretation of the ordinance and in excluding it. The purpose of the ordinance is not only for the protection of passengers on cars, but also for the protection of pedestrians and travelers on and along streets upon which cars are operated, and to avoid collision with and injury to them.

At the conclusion of plaintiff's case the court, on defendant's motion, granted a non-suit on the ground of insufficiency of evidence to show negligence on the part of the defendant, and upon the further ground that the plaintiff was guilty of contributory negligence. This ruling is also assigned as error. In reviewing it we will consider the case with the ordinance in evidence. When so considered the evidence of defendant's negligence was sufficient to require a submission of the case to the jury. Whether the plaintiff was herself guilty of contributory negligence is more serious. The evidence shows that before she undertook to cross the street she looked toward the east and saw a black object, the electric engine, fifty or sixty feet away, but did not notice what it was, whether it was an ordinary car or something else, nor did she notice whether it was standing or moving, nor did she see or notice the three or four flat cars pushed in front of it and towards her. Not noticing the flat cars, and believing that the black object, whatever it was, was the only thing on the track which would interfere with her crossing the street, and believing that she had ample

time to cross it before the object approached her, if moving towards her, she undertook to cross the street, and in doing so her automobile was struck by the forward car. She was moving slowly, as were also the flat cars. In her attempt to cross the street she of necessity drove her machine right in front of the moving flat cars, or within a few feet of them, not observing them, as testified to by her, ·until the forward car was within about two feet of her and struck her machine. Was, now, the plaintiff so clearly guilty of contributory negligence that we ought to say as a matter of law that she was not entitled to recover?

That contributory negligence bars recovery, and that a plaintiff, who fails to conform to what the law requires of him, or to do what a person of prudence would ordinarily have done under the same or similar circumstances, is guilty of negligence, are axioms of the law. The law as provided by the ordinance prescribed some conduct for the defendant. Courts have declared that the omission or commission of something in violation of a valid statute, or of an ordinance reasonable in its terms, is negligence, or evidence of negligence. The law, however, has not prescribed the conduct of a person situated as was the plaintiff. It did impose a duty on her to use ordinary care; but further than that her conduct was not prescribed by law. Except in comparatively few instances the . law does not prescribe what persons shall do, nor may courts say that the specific alleged and· proven acts of commission or omission constitute negligence. In a large majority of cases the law in such particulars gives no specific instructions or directions. It gave none here with respect to plaintiff's conduct. In determining whether she was or was not guilty of negligence therefore involves two questions. First, the fixing of a standard of what a prudent person ordinarily would have done under the same or similar circumstances; and, second, whether the plaintiff's conduct· came up to that standard. Such questions ordinarily are for the jury. Efforts have been made by courts to fix a mark, or line, where, in the determination of such questions, the prov-

ince of the court ends and that of the jury begins. Courts quite generally have said that the failure of a traveler to look and listen for approaching cars before attempting to cross a steam railway track constitutes negligence as matter of law. That is, the courts themselves pronounce such conduct negligence on the facts. But aside from such and similar cases, and of cases where the conduct is prescribed by statute or ordinance, the cases are rare where the courts have undertaken to characterize given conduct as negligence or due care. The question generally is left to the jury. In determining when the province of the court ends, and that of the jury begins, much difficulty has been experienced by courts. They generally say the province of the one ends and the other begins when reasonable minds may differ as to the facts, or the inferences or conclusions to be drawn from either disputed or undisputed facts, with respect to the questions of what a prudent person ordinarily would have done under the same or similar circumstances, and whether the conduct of the person charged with negligence came up to that standard. But it is about as difficult to determine that, as it is to determine what a prudent person ordinarily would have done under the circumstances of the case.

Courts generally have held and so have we, that the requirements of a traveler to look and listen for approaching cars before attempting to cross a steam railway track do not apply to the same extent to one crossing a street railway track. For a failure to do the one the courts generally have pronounced the conduct negligence on the facts; for failure to do the other courts generally have left the question to the jury.

When, however, the conduct is such—accepting the general test for want of a better one—that reasonable minds may not differ as to what a prudent person ordinarily would have done under the circumstances, and whether the conduct of the person charged with negligence came up to that standard, like one heedlessly walking or driving in front of a moving car, the court may itself pronounce the conduct negligence.

Now what is the situation here? A prudent person under some circumstances may attempt to drive or walk across a street railway track without looking for the approach of cars. Let it be assumed that whether he ordinarily would do so under most circumstances is a question of fact. The plaintiff, however, testified that she looked, but looked so inattentively or purposelessly that she knew not whether the object seen by her was a street car or something else. The question, therefore, is not whether a prudent person before attempting to cross a street car track ordinarily was or was not required to look for approaching cars, or whether he ordinarily would or would not have done so, but whether a prudent person, in looking, under the circumstances testified to by plaintiff, and exercising the care in that particular that a prudent person ordinarily would exercise, would so have conducted or behaved himself that he, under the circumstances ordinarily would have seen no more than did plaintiff. We must, and do, assume she looked. She so testified. But what shall be said of her conduct in looking, the manner in which she in that particular conducted or behaved herself, as testified to by herself, that she looked so purposelesly, so inattentively that, with a view unobstructed, and in the daytime, she was unable to tell whether the black object, but fifty or sixty feet away, was a street car or something else, whether it was standing or moving, and that she did not see the flat cars, though the forward car, as she turned her machine to cross the track, was then almost in front of her and in her direct path. She did not testify that she saw the flat car too late to stop her machine and avoid the collision, but that she, notwithstanding her looking, had not seen it, until it was about two feet from the machine and collided with it.

May reasonable minds differ that such conduct was the ordinary conduct of a prudent person under the circumstances? We think not. Counsel say that a prudent person in looking as did the plaintiff might well have seen the electric engine but not the flat cars, because they were considerably lower than the object looked at, and because of the infrequency of flat cars pushed or drawn along street

car tracks. There may be cases where one may receive impressions by mistaking or misconceiving the· facts or objects, or their appearance, and act on ·such impressions, and not be guilty of negligence. But one may also· be guilty of mistaking or misconceiving facts or objects or appearances, negligently. Plaintiff's not seeing the flat cars, and not knowing whether the black object seen by her was a street car or something· else, ·or whether it was standing or moving, did not result from such a mistake or misconception, but from her conduct in looking in an objectless and aimless manner, from her negligent or careless behavior in that regard. Because of that thoughtless and purposeless manner· of looking and of her careless conduct in that regard, the flat cars were not seen by her, though they were plainly visible and almost in her direct path as she undertook to· cross the track.

We think the nonsuit was properly granted on the ground of contributory negligence. The judgment of the court below is therefore affirmed, with costs. .

FRICK, C. J., and McCARTY, concur.