## HARTLEY v. SALT LAKE CITY.

No. 2318.   Decided May 25, 1912   (124 Pac. 522).

APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS. In an action against a municipality for personal injuries alleged to have resulted from snow and ice on a crosswalk, where there was evidence for defendant that the walk was in good condition, that there was some ice as a result of thawing and freezing, but that there was no obstruction on the walk on that account, the refusal of a requested instruction on defendant's theory of the case that defendant was not liable for plaintiff's injury from ice or snow on the walk unless it was rough and uneven or the walk was so maintained as to create an obstruction to travel, and that defendant was not liable for such injury resulting from mere slipperiness caused by the ice on the walk, was reversible error.

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Leonora A. Hartley against Salt Lake City.

Judgment for plaintiff.   Defendant appeals.

REVERSED AND REMANDED WITH DIRECTIONS TO GRANT NEW TRIAL.

*H. J. Dininny* and *P. J. Daly* for appellant.

*Daniel Harrington* for respondent.

STRAUP, J.

This is an action to recover damages for personal injuries alleged to have been sustained through the negligence of the city.   The charged negligence is that a crosswalk was suffered

and permitted to be and remain 'in a rough, uneven, broken, and steep condition, that when ice and snow fell or formed on the same it became dangerous and unsafe for travel," and that "ice and snow had fallen and formed on the walk and that the city suffered and permitted it to remain," by reason of which the plaintiff while walking along the walk was injured. The plaintiff had judgment, from which the defendant appeals.

One of the principal grounds alleged for a reversal of the judgment is that the court erred in refusing to give certain of the defendant's requests to charge. We refer only to so much of the evidence as is necessary to illustrate the point in hand.

The plaintiff testified:

"When I came along (in December) to the point where I fell, I saw it was steep and dangerous and saw footprints went around to the right and to the left. I didn't attempt to cross. Before I had a chance to think, I violently went to the ground. I thought what a bad place this is, and then I went down. I slipped and fell on some ice and snow that was there. It was slippery. What I fell on was the unlevel place; the unlevel and dangerous place. I do not think it was the ice and snow. The crosswalk had been taken up, and, when it was put back, it was never finished up right. There was snow and ice where I fell. The rocks protruded through the snow and ice. There was not enough snow and ice to cover the rough place. I think it was the rough place that caused me to slip more than the ice. I think it was the roughness that caused me to fall. I hardly think that the ice and snow that was there had anything to do with my falling. It was on account of the unlevel and unsafe condition and the ice and snow that caused me to go down. I did not stub my toe, but slipped. I think I slipped on one of the rocks."

Another witness for the plaintiff testified:

"There was a depression in the center of the walk where boys in going to school had made a slide on the crosswalk and a slippery place by sliding, and it was snowy and slippery

and icy. This smooth place was in the center about a foot and a half wide and sloped down. It had been snowing I don't know how long. A portion of the walk had been taken out or left unfinished. It was either broken up or left in some way and was covered with snow and ice. I do not believe there was any stone walk there, but I wouldn't say there was no stone blocks there. The place was left broken up, a depression in the center, and rendered slippery by the boys sliding on the ice and snow."

Other witnesses testified that the place was in a rough and uneven condition, and that snow and ice were about the place.

Witnesses on behalf of defendant testified that excavations and improvements had been made in the street, but that the crosswalk was not disturbed; that it was in a good condition; that snow had fallen in November and December, but was removed from the cross and other walks; and that there was some ice as the result of thawing and freezing, as was to be expected in such months, but that there was no defect or obstruction of any kind in the walk in question on account of accumulated ice or snow or otherwise.

The defendant requested the court to charge:

"You are instructed that the defendant is not liable for the injury alleged to have been sustained by plaintiff, caused by ice or snow on the crosswalk in question, unless you find from the evidence that said ice or snow on said crosswalk was so rough and uneven or rounded up or said crosswalk was constructed and maintained by the defendant at such an incline as to create an obstruction to travel on the same." "The defendant is not liable in damages for the injury sustained by plaintiff, if you find such injuries were caused by mere slipperiness caused by ice on the crosswalk when the ice is not so rough or uneven, or so rounded up, or at such an incline, as to make an obstruction to travel, and if you find from the evidence that plaintiff was injured by reason of mere slipperiness of the ice on the crosswalk and not because of the same being rough, uneven, or rounded up, or at such an in-

cline as to make an obstruction to travel on such sidewalk, your verdict should be for the defendant."

Other requests were asked to the effect that, if the crosswalk was not negligently constructed or maintained, and if the city was not guilty of negligence in failing to remove accumulations of ice or snow constituting an obstruction and rendering the walk dangerous and unsafe for ordinary use, and if the plaintiff was injured, not from obstructions of accumulated ice or snow, but a mere slipperiness of a smooth surface of ice formed by natural causes of thawing and freezing, the city was not liable. These requests were refused. We think they substantially state the law in such particular. The principle is not disputed. The respondent contends, however, that the requests were given in substance. We do not think so. Says respondent in her brief, "Ice and snow on the walk because of its improper construction or condition" may constitute a defect or obstruction, and may render the walk unsafe and dangerous to ordinary travel, and that in such case "it will be for the jury under proper instructions to decide as a question of fact whether the walk was properly made and kept in repair." That may be conceded. Because the matter was not submitted to the jury "under proper instructions," and on the theory of the defendant, is what gives rise to the defendant's complaint. There are two parties to a lawsuit. Each, on a submission of the case to the jury, is entitled to a submission of it on his theory and the law in respect thereof. The defendant's theory as to the cause of the accident is embodied in the proposed requests. There is some evidence, as we have shown, to render them applicable to the case. That is not disputed. We think the court's refusal to charge substantially as requested was error. That the ruling was prejudicial and works a reversal of the judgment is self-evident and unavoidable.

The judgment of the court below is therefore reversed and the case remanded, with directions to grant a new trial. Costs to appellant.

FRICK, C. J., and McCARTY, J., concur.