FREEDMAN et al. v. DENHALTER BOTTLING CO.

No. 3322.   Decided June 18, 1919.   (182 Pac. 843.)

1. ACTION FOR INJURIES—COLLISION WITH TRUCK—VERDICT AND FINDINGS. In an action for injuries sustained in collision between plaintiff's bicycle and defendant's truck, evidence and findings of court as to the truck driver's negligence in failing to give warning, and in negligently stopping the truck, by reason of which plaintiff was caused to collide therewith, *held* to sustain judgment. (Page 518.)

2. APPEAL AND ERROR—REVIEW—NONSUIT—CONSTRUCTION OF FINDINGS AND EVIDENCE. On appeal from denial of a motion to nonsuit plaintiff, the court is required to view both the evidence and the findings in a light most favorable to the judgment in favor of plaintiff. (Page 518.)

3. MUNICIPAL CORPORATIONS—ACTION FOR INJURIES—COLLISION WITH TRUCK—FINDINGS AS TO NEGLIGENCE. Whether the driver of defendant's truck so negligently drove it as to cause it to collide with plaintiff's bicycle, or whether the driver so oper-

ated it as to cause the collision as stated in the court's findings, is not controlling so long as the accident and collision were directly attributable to the driver's negligence as found by the court.  (Page 518.)

4. ACTION FOR INJURIES—COLLISION IN STREET—NON-SUIT.  In action for injuries received in collision between plaintiff's bicycle and defendant's truck, denial of defendant's motion for non-suit, upon ground that there was no evidence supporting the allegation of negligence, *held* not error.  (Page 519.)

5. COLLISION WITH TRUCK—ACTION FOR INJURIES—ISSUES.  In an action for injuries received in collision with defendant's truck, court's finding that defendant's driver, in turning to cross the street, saw plaintiff approaching near the course over which he was to drive, and carelessly failed to stop until that side of the street was clear of traffic *held* supported by the evidence.  (Page 519.)

6. APPEAL AND ERROR—REVIEW—FINDINGS—SUFFICIENCY OF EVIDENCE TO SUPPORT.  Where there is some substantial evidence in support of the facts found, the findings will not be set aside on the ground that they are not supported by the evidence.  (Page 519.)

7. PLEADING—ALLEGATIONS OF NEGLIGENCE—CONCLUSIONS OF LAW.  Plaintiff's allegations in his complaint that defendant's driver negligently and carelessly drove the automobile truck, etc., but not stating the particular acts of negligence, *held* not to be a conclusion of law, and to be sufficient as against a general demurrer. (Page 519.)

8. NEGLIGENCE—ALLEGATIONS—SUFFICIENCY.  Allegations that defendant's motor truck driver negligently and carelessly drove the truck, etc., and that such negligence caused the collision resulting in damage to plaintiff, *held* sufficient, though not stating the particular acts of negligence.   (Page 519.)

9. APPEAL AND ERROR—REVIEW—FINDINGS—FAILURE TO FILE SPECIAL DEMURRER.  A defendant, who has failed to ask that a complaint containing a general allegation of negligence be made more certain and specific by filing the special demurrer provided for that purpose by the Code, cannot on appeal complain so long as the evidence and findings are not clearly outside of the facts pleaded and the evidence admissible under the pleadings.  (Page 520.)

10. PLEADING—AMENDMENT TO CONFORM TO PROOF.  In personal injury action permitting amendment to plaintiff's complaint, after the evidence was in, so as to more particularly state the grounds of negligence, *held* not error, since, in view of defendant not having objected to the generality of the allegations, plaintiff

could introduce evidence to prove the acts of negligence set forth in the amendment.   (Page 521.)

11. ACTION FOR INJURIES—COLLISION—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.   In an action for injuries sustained in collision between plaintiff's bicycle and defendant's motor truck, whether plaintiff was negligent *held* a question for the jury. (Page 521.)

Appeal from District Court, Third District, Salt Lake County; *J. D. Call,* Judge.

Action by Max Freedman, by his guardian ad litem, Bessie Freedman, against Denhalter Bottling Company.   From denial of a motion to nonsuit and an order affirming a judgment against defendant in the city court, defendant appeals.

AFFIRMED.

*Hancock & Barnes* of Salt Lake City, for appellant.

*Marks & Jensen* of Salt Lake City, for respondent.

FRICK, J.

The plaintiff, Max Freedman, by his guardian ad litem, Bessie Freedman, obtained a judgment for the sum of two hundred and fifty dollars against the defendant in the city court of Salt Lake City.   The defendant appealed the case to the district court of Salt Lake county, where, upon a trial to the court, the plaintiff again recovered judgment for the same amount.   The defendant brings the case to this court on appeal, and assigns errors as follows:   (1) That the district court erred in denying defendant's motion for a nonsuit; (2) that it erred in making certain findings of fact thereinafter more particularly referred to; (3) that it erred in making its conclusions of law; and (4) that it erred in permitting plaintiff to amend his complaint.   One or two other errors were originally assigned, but, in view that they are not argued in the brief, they are waived.

In the original complaint filed in the city court, after some preliminary statements, and after alleging that plaintiff was riding his bicycle on a certain street in Salt Lake City. It was further alleged "that while plaintiff was riding the said bicycle at the time and place aforesaid defendant, by its agent, negligently and carelessly drove an automobile truck, the property of defendant, from a point on the south side of said Fifth South street northward across said street immediately in front of the plaintiff; that the defendant's said agent at the time and place aforesaid operated said automobile truck at a dangerous and rapid rate of speed, and negligently and carelessly failed to signal the plaintiff or give plaintiff any warning of the approach of defendant's said automobile truck northeasterly at said point, in violation of the traffic ordinance of Salt Lake City; that by reason of the defendant's negligence and carelessness in operating said automobile truck defendant's said automobile truck collided with and struck plaintiff and plaintiff's said bicycle, thereby demolishing said bicycle, and inflicting on plaintiff's body bruises and injuries," etc. The defendant denied the allegations of negligence, and averred that the plaintiff was guilty of contributory negligence, setting forth the acts constituting such alleged negligence.

No ordinance was proved at the trial, nor was there any evidence that the automobile truck was driven at an excessive rate of speed.

In view of the assignments of error herein considered we have deemed it best to set forth the allegations of negligence in plaintiff's complaint in full.

After the plaintiff rested the defendant interposed a motion for nonsuit upon the following grounds: "That none of the allegations of negligence set forth in plaintiff's complaint has been proven, and there is no evidence to show that the truck was traveling at a rapid rate of speed; * * * that there is no evidence to show that there is any guilt on the part of the defendant whatsoever." The motion was denied, and it is insisted that the court erred in making the ruling.

It is impracticable to set forth all of the evidence within the limits of an ordinary opinion or to state it even in substance. The plaintiff, however, produced an eyewitness to the accident, who, after testifying where he was at the time, and that he saw the plaintiff and another boy riding their bicycles westward on the north side of Fifth South street, and that he saw the driver of the automobile truck driving eastward on the south side of said street, testified as follows:

"As I saw the accident, it appeared to me that the boys were riding westward on the north side of the street, and this Deñhalter truck came eastward on the south side of the street, and as it came about in line with the driveway it turned rather abruptly toward the north, and ran into the bicycle that one of the boys was riding on, and the crush of the impact and the jarring of the bottles in the cases and the noise of the horn was practically simultaneous, as far as I could determine."

This witness fully explained all he saw, and how the accident occurred from his point of view, and that when plaintiff was struck he fell senseless, and was lying on the street pavement in that condition when the witness arrived at the scene. On cross-examination he was asked the following question: "Is it not a fact that the bicycle ran into the rear end of this truck—the rear right wheel of the truck?" The witness answered: "No; it is not."

With respect to the signals the witness testified:

"I heard the sound of an automobile horn such as is usually used on that kind of vehicles at the same time that I heard the crash or impact with the bicycle and the jarring of the bottles in the cases on the truck. It was practically simultaneous, the sounds, so far as I could distinguish."

The witness, on cross-examination, in further explanation of how the accident occurred, testified:

"The boys were proceeding westward on the north side of the street, and the truck was proceeding eastward on the south side of the street, and as the car turned abruptly to the north the boy going westward would pass the line of the truck going northward, and he was struck by the front end of the car; therefore, if he was struck by the front end of the car going west, and the car going northward, it is very reasonable he got in that position."

On further cross-examination he also testified:

"I did not see the bicycle hit the car. I saw the car hit the bicycle."

The plaintiff, in testifying on his own behalf, in substance said that he heard no signal; that he did not see the truck until he was struck; that he was looking "straight ahead" while riding his bicycle at the time and place of the accident.

There is considerable other evidence with regard to how the accident occurred, some of which is in conflict with the testimony of the eyewitness which we have quoted.

Indeed, the evidence on behalf of the defendant as to how the accident or collision occurred is in many respects most favorable to the defendant. Then again, the findings of the court in some particulars are also somewhat inharmonious; the reason, undoubtedly, for that being that they were not carefully prepared. The court, after finding that the driver of the truck "negligently failed to give any signal or warning," further found "that said driver negligently and carelessly suddenly stopped said automobile while the same was facing northward, * * * at a time when said driver knew that plaintiff was coming westward, a short distance east of the course across which said truck was stopped; that, by reason of the defendant's negligence and carelessness in operating said automobile truck, plaintiff was caused to collide with and strike said automobile truck, thereby demolishing said bicycle and inflicting upon plaintiff's body bruises and injuries," etc. Whatever view we may take of the evidence and the findings, both are sufficient to sustain the judgment. This becomes more apparent still when we keep in mind the fact that we are required to view both the evidence and the findings in a light most favorable to the judgment in    1-3 favor of the plaintiff. Whether the driver so negligently drove the truck as to cause it to directly collide with plaintiff's bicycle, as testified to by the witness whose testimony we have quoted, or whether the driver so operated the same as to cause the collision, as stated in the foregoing findings, is not controlling, so long as the accident and collision were directly attributable to the driver's negligence. The latter, being the controlling fact, is directly found by the court.

In view of the foregoing, the district court committed no error in denying the motion for a nonsuit upon the ground that there is no evidence supporting the allegations of negligence.

It is, however, also contended that the district court erred in making the following finding of fact:

"That defendant's said agent at the time he reached the point at which he was about to turn northward across Fifth South street to the entrance to said alleyway saw plaintiff approaching and near to the course over which defendant's said agent was about to drive,"

—for the alleged reason "that said finding is outside the issues in this case, is not supported by the evidence, and is against law"; and that it further erred "in finding herein that defendant's agent carelessly failed and neglected to stop said automobile truck until the north side of said Fifth South street 'was clear of traffic,' for the reason that said finding is outside of the issues in this case, is contrary to the evidence, and is against law."

There is certainly some substantial evidence in support of the facts found, and hence we cannot set the findings aside upon the ground that they are not supported by the evidence. It is, however, urged that the findings are "outside of the issues." In that connection counsel for the defendant insist that plaintiff's allegations of negligence, in some respects, are mere conclusions of law, and are therefore without legal force or effect. It is insisted that the allegation that the driver "negligently and carelessly drove the automobile truck," etc., is a mere conclusion of law. In making that contention we think counsel are in error. While pleading negligence in that form is not to be commended, and while it fails to inform the defendant what the particular acts of negligence relied on are, or wherein he was negligent in omitting something he should have done, yet it clearly charges that the automobile truck was negligently handled, driven, or operated, and in a subsequent part of the complaint it is alleged that the alleged negligence caused the collision which resulted in injury and damage to the plaintiff, which injury and damage are stated. Such an allegation of negli-

gence, although exceedingly general and unsatisfactory, is, nevertheless, sufficient to withstand a general demurrer, and it will admit evidence respecting the acts of negligence relied on.

. If the defendant desired more specific statements it should have required the complaint to be made more specific and certain by filing the special demurrer provided for by our Code for that purpose. Having failed to do so it cannot now complain so long as the evidence and findings are not clearly outside of the facts pleaded and outside of the evidence admissible under the pleading. The rule in that regard is well stated in 3 Bates, P. etc., at page 2263, in the following words:

"While a bare allegation of negligence without reference to some particular act, omission, or line of conduct would be a conclusion (*Jeffersonville R. R.* v. *Dunlap*, 29 Ind. 426; *Taite* v. *Boorum, etc., Co.*, 37 Misc. Rep. 162, 74 N. Y. S. 874), and it is necessary to aver that some act was negligently done or omitted (*Cederson* v. *Oreg. Nav. Co.*, 38 Or. 343 [62 Pac. 637, 63 Pac. 763], citing numerous cases), yet the general averment that an act or omission or conduct was negligent is, unlike fraud, generally deemed an averment of fact, and not demurrable as being a mere conclusion, and if not objected to by motion will sustain evidence of any negligence in relation to the general conduct charged and all acts and omissions tending to prove the primary fact."

Numerous cases are cited in support of the text, which it is not necessary to refer to here.

The prevailing rule is also stated in 29 Cyc. 570-571, as follows:

"While there is not entire harmony in the adjudicated cases as to the proper method of pleading negligence, the rule sustained by the weight of authority is that, negligence being the ultimate fact to be pleaded and not a mere conclusion of law, a declaration or complaint charging defendant with an act injurious to plaintiff, with a general allegation of negligence in the performance of the act, is sufficient, at least as against a general demurrer for want of sufficient facts, without stating the details or particulars of the act causing the injury, unless the particular acts alleged are such that they could not be negligent under any possible state of facts or circumstances provable under the allegations of the complaint, or the contrary appears from the facts pleaded; and that, under

such allegation, any evidence tending to show that the act was negligently done may be admitted."

See, also, 1 Boone, Code Pleading, section 174; 2 Boone, Code Pleading (Forms), page 306, note 1.

Under the general allegation, therefore, that the car was negligently driven or operated the plaintiff could prove the particular acts or omissions constituting the alleged negligence, and if the defendant desired to be informed of the particular acts or omissions upon which the plaintiff would rely at the trial it should have proceeded as before suggested. Not having done so at the proper time and in the proper manner, it is too late now to complain.

There is no merit to the contention that the court erred in making the conclusions of law that are complained of.

It is, however, also contended that the court erred in permitting plaintiff to amend his complaint after the evidence was in so as to more particularly state the grounds of negligence. In the absence of objection to the generality of the allegations of the complaint, the plaintiff could properly introduce evidence to prove the acts of negligence set forth in the amendment complained of and the defendant could not be prejudiced in any substantial right by permitting the amendment.

Nor can the contention prevail that the plaintiff was guilty of contributory negligence as matter of law. The evidence upon that question is such that reasonable minds might arrive at different conclusions, and hence was a question of fact and not of law.

While both the allegations of the complaint and the evidence respecting negligence are somewhat unsatisfactory and inconclusive, yet in view of the findings of the trial court, and upon consideration of the whole record, we cannot say that the defendant has been prejudiced in any substantial right, and hence we may not interfere with the judgment.

The judgment is therefore affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.