[Civ. No. 4630. First Appellate District, Division Two.—October 18, 1923.]

## JOSE GIMENO, Appellant, v. THEODORE E. MARTIN, Respondent.

[1] NEGLIGENCE—PEDESTRIAN STRUCK BY AUTOMOBILE—INAPPLICABILITY OF LAST CLEAR CHANCE DOCTRINE.—The last clear chance doctrine has no application to a case where a pedestrian is in a position of safety at the time an automobile being operated in a reasonable and proper manner is approaching him, and, from such position of safety, suddenly darts directly in front of the automobile.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Russell P. Tyler and Arthur Brand for Appellant.

J. Hampton Hoge for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him in an action brought by him to recover damages for personal injuries alleged to have been caused by the careless and negligent operation by defendant of his automobile.

Upon conflicting stories of the accident told by the witnesses at the trial, the court has found that at the time of

the accident the defendant was operating his automobile in Golden Gate Park, in San Francisco, California, ''in an ordinarily reasonable, careful and prudent manner and with due regard for the protection and safety of other vehicles and pedestrians, including the plaintiff in this action; that at said time and place, plaintiff was proceeding in a general westerly direction along the footpath on the north side of the thoroughfare in Golden Gate Park, known as the 'South Drive'; that defendant at said time and place as aforesaid, was driving his automobile in a general westerly direction on the right-hand side of said thoroughfare known as the 'South Drive'; that at said time, defendant was proceeding at a reasonable and moderate rate of speed; that as defendant reached a point about twenty or twenty-five feet from the east side of a one-way road leading to Stow Lake in said Golden Gate Park, which said road commences at said South Drive and runs in a general northwesterly direction from said South Drive to said Stow Lake, said defendant sounded the horn on his said machine and immediately retarded the speed of his machine to about six miles per hour, and proceeded to turn into said road leading up to Stow Lake; that at said time he saw plaintiff, who at said time was walking on said footpath as aforesaid, crossing said one-way road leading from the South Drive to Stow Lake; that at said time, plaintiff was walking with his head down, and while crossing said road, did not look in either direction to see whether or not any vehicles were approaching or about to approach; that when defendant reached a point about twenty feet from plaintiff, plaintiff who at said time was within three feet of the west side of said Stow Lake road, and in a position of safety, looked up for the first time and saw defendant's machine; that at said moment, plaintiff became bewildered and jumped back to the east side of Stow Lake road; that when plaintiff had reached the east side of Stow Lake road, he was also in a position of safety; that plaintiff, thereupon, negligently and carelessly again ran from the east side of said Stow Lake road to the west side of said road; that as plaintiff was in the act of making the last run to the west side of said Stow Lake road, the left front wheel of said automobile passed over the heel of plaintiff's left foot; that with the exception of the said left front wheel coming in contact with plaintiff's heel, no portion of said

automobile struck plaintiff's body; that defendant at all the said times exercised the care of an ordinarily prudent person acting under the same circumstances; that said accident was proximately caused by plaintiff's negligence and his failure to exercise ordinary care in the following particulars, to wit: That plaintiff failed to look before crossing said Stow Lake road and failed to hear, or having heard, failed to heed the defendant's warning signal, and that plaintiff left a place of safety and placed himself in such a position that the left front wheel of said automobile came in contact with the heel of plaintiff's left foot; that the defendant at all the said times, exercised ordinary and reasonable care and conducted himself in the operation of said automobile in a prudent manner."

These findings of fact are supported by substantial evidence in the record. The case was submitted to the court without a jury and under the circumstances these findings are conclusive. In view of the fact that the court found that the plaintiff's negligence was the proximate cause of his injury, he was not entitled to recover against the defendant.

The only point made by the appellant, apart from the contention that the evidence does not support the findings, is that the doctrine of last clear chance applies to the facts of the case and that upon this theory the plaintiff was entitled to a judgment.

A complete answer to this contention is found in the recent case of *Palmer* v. *Tschudy,* 191 Cal. 696 [218 Pac. 36], wherein it was said: "The last clear chance rule presupposes: that the plaintiff has been negligent; that as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes, or ought to realize, her inability to escape therefrom; that he then has a clear chance to avoid injuring her by the exercise of ordinary care, and fails to do so. If all of these elements are present the rule applies and enables the plaintiff to recover, notwithstanding her own negligence. But if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence. The rule does not require that the inability of the plaintiff to escape the danger shall be due to a situation which renders it phys-

ically impossible for her to do so. It applies equally when she is wholly unaware of the danger and for that reason unable to escape it. But the rule also requires that if she is aware of the danger, or becomes aware of it, she must thereafter exercise ordinary care for her own protection. If, being aware of the danger and able to escape it by exercising ordinary care, she neglects to do so, she cannot invoke the last clear chance rule to place the burden of the resulting loss upon the other party. 'Obviously, if both parties to an accident could, by the exercise of ordinary care, have avoided it, neither can be said to have had the last clear chance. It is only when a defendant charged with the negligent infliction of the injury, knowing plaintiff's peril, could, and the injured plaintiff could not, have avoided the injury, that the defendant is liable. The liability is placed upon the party inflicting the injury only if immediately before the actual infliction of the injury, the injured person was in such a situation as to be unable by the exercise on his part of reasonable and ordinary care to extricate himself, and vigilance on his part would not have averted the injury.' (*Young* v. *Southern Pac. Co.*, 189 Cal. 746 [210 Pac. 259].)''

[1] At the place of the accident, the road was only about twelve feet wide, and immediately before the actual infliction of the injury plaintiff was in a position of safety on the east side of the road, after having crossed it twice with the automobile slowly approaching him, according to the findings. In that position he was not in danger, and the rule of the last clear ·chance doctrine did not call for any action on the part of the defendant. When plaintiff suddenly darted from this position of safety directly in front of the automobile, there was no last clear chance for the defendant to avoid the accident.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.