## MORGAN v. BINGHAM STAGE LINES CO. et al.

No. 4768.   Decided August 13, 1929.   (283 P. 160.)
Rehearing Denied December 13, 1929.

90

*Henry D. Moyle,* of Salt Lake City, for appellants.

*Carlson & Carlson,* of Salt Lake City, for respondent.

HARRIS, District Judge.

Plaintiff brought this action against the defendants for the alleged negligent running down and killing of one Orson Morgan, deceased, on the public streets of Salt Lake City, by one of defendant's motor busses.

The complaint, so far as material here, alleges: That on the 11th day of May, 1927, when said Orson Morgan was about to board an east-bound street car on Second South street near the intersection of Third West street, Salt Lake City, Utah, defendants negligently, carelessly, and unlawfully ran a large automobile or stage, from the west, over Orson Morgan, so injuring him that he immediately died. That the negligence of the defendants consisted in (1) driving at an unreasonable rate of speed and not having said automobile under immediate control as required by law; (2) driving said automobile past a standing street car when said street car was stopped for the purpose of taking on said Orson Morgan and other passengers; (3) failure to blow their horn or give warning of their approach; (4) failure to keep a proper lookout for pedestrians lawfully on said street; (5) failing to stop when defendants could have stopped after seeing, or being in a position where they should have seen, said Orson Morgan on said highway about to board a street car on said highway.

For their answer, defendants, after making a general denial, further allege that the sole cause of the accident was that, while defendants were driving an automobile stage in a careful and cautious manner on said street, said Orson Morgan carelessly and negligently, and without due circumspection for his own safety, and while attempting to cross Second South street at a place other than a regular crossing thereof when a regular crossing thereof was within 300 feet therefrom, suffered injuries of which plaintiff now complains. As a separate defense, the defendants allege that at the time of the accident Orson Morgan negligently, etc., and without warning or first stopping, looking, or

listening, ran from the curb on Second South street between cars parked upon said street into and upon the traveled portion of the said street directly in front of and in the course of and into the front of the automobile bus of defendants so being carefully driven by defendants on said street, and that the injuries received by Morgan were the result of such carelessness on his part, and not of any negligence on the part of the defendants. Substantially the same facts are then pleaded as contributory negligence on the part of the deceased.

A trial resulted in a verdict for the plaintiff for $12,500, and this appeal is from the judgment on the verdict.

Defendants assign as error the ruling of the court in denying their motion for a nonsuit made on the grounds that there was no evidence of any negligence on the part of the defendants which was the proximate cause of the injury of deceased, and that the evidence conclusively established that the cause of the injuries was the contributory negligence of the deceased.

On Second South street, immediately west of Third West street, there were three sets of railroad tracks crossing Second South street in a somewhat diagonal route from southeast to northwest. The west one of these tracks is a spur track to the Ford Motor Company plant, and is 114 feet west of Third West street and 231 feet east of Rio Grande avenue, the next street west of Third West street. The accident took place a few feet south and west of the intersection of the west rail of this spur track and the south rail of the street car track, on the afternoon of May 11, 1928.

Appellant's counsel claim that all of the evidence shows that the defendant's bus was ahead of the street car before the street car stopped and when the accident took place, and that all of the evidence shows that the deceased at the time of the accident was crossing the street from the curb and stepped directly into or in front of the bus when it was too late to stop.

Counsel seem to be hopelessly apart on what the record shows as the evidence in the case, and, since the record is not long, we have undertaken to set out the substance of the evidence, at least as to matters in dispute.

Plaintiff produced as his first witness Jack Chido, who testified that he was driving an auto west on Second South street and was about 40 feet east of the accident at the time it happened; that he saw the accident; that he noticed deceased standing out by the street car track about 4 or 5 feet south of the street car track and about the same distance west of the spur track; saw him standing there 4 or 5 seconds, and "Morgan was standing out there as I told you before and the street car came to a stop. When I seen Mr. Morgan standing out there and the car had stopped then the collision took place." Witness said he did not see the bus until it came up and struck deceased; did not know how long Morgan was standing there, but he did not see Morgan walking out there.

Ed Wells, who was riding with Chido, testified similarly, except on cross-examination, with reference to the time of the accident, he testified: "Well, the street car was stopped or it was so close to stopping that I could not tell the difference from where I was."

Again as to whether the car had stopped before the accident, he testified: "That is a pretty hard thing to judge, I couldn't tell the difference; it was coming towards me."

Mr. Boyle, who was riding on the street car, testified: "The first I saw, I was sitting in this position and I heard a woman holler. The car was coming to a stop. The motorman had made his application of the air. The car was practically stopped and I heard this holler, and I turned right in this position and saw the body of the front part of the bus coming, as I thought, into the street car. At the same instant I looked toward the front of the car and saw the body of a man. It looked to me like he was crumpled over the front of the car, with a lunch bucket in the air.

Q. At that time had the street car stopped? A. Yes sir; my recollection is it had stopped."

Eugene Johnson testified that he was standing on the south side of Second South street about the middle of the block; saw the bus come around the corner at Rio Grande avenue at a speed he judged at 25 to 30 miles per hour, and it picked up a little as it came up the street; that he saw Morgan come out of the soft drink parlor on Second South, but did not see him any more until after the accident; did not see the accident.

One of plaintiff's witnsses was permitted to testify, over defendant's objection, that the street cars always stopped before crossing the railroad tracks, and that they did take on and discharge passengers at that stop.

Defendant offered as a witness Lawrence Monson, who testified that he was walking east on Second South street about 60 feet west of the railroad tracks; that the street car and bus were almost parallel when they passed him; that the speed was about 15 miles per hour; that he did not see Morgan before the accident but heard the crash, and rushed over there, and Morgan's body was lying under the bus just back of the right front wheel and near the intersection of the street car and railroad track; and that there were cars parked at the south curb of Second South street along there.

Chas. Brozelle testified that he was standing in front of the soft drink parlor on Second South opposite the place of the accident; that he saw Morgan "standing on the curb, waiting for the car, and as soon as he saw the street car coming he walked out on the street between two cars and went for the street car, and that is the time he got hit."

Defendant L. W. Jones, driver of the bus, testified that he had been down to 559 West Second South to deliver a trunk and was returning east on Second South alongside of the street car. He said: "When I was down about to Rio Grande Ave. I was traveling 20 to 25 miles per hour and at

the center of the block about 15 miles per hour, I was slowing down for the railroad crossing and traveling about 12 miles per hour when deceased stepped out from between two parked cars right onto my right fender. I did not see deceased until he was right on the fender. I immediately stopped my car and found deceased just back of the right front wheel. There were four cars parked at an angle along Second South and from the rear end of those cars to the front of my bus after I stopped was about 10 or 12 feet."

It will thus be seen that there was a conflict in the testimony in several material particulars, and, where there is such a conflict and there is any substantial evidence tending to prove the negligence of defendant was the proximate cause of the injuries, then the question is properly for the jury.

In *Johnson* v. *Silver King M. Co.*, 54 Utah 34, 179 P. 61, 66, it is said:

"At most, the question of negligence may be said to be doubtful; and, where such is the case, it has become elementary in this jurisdiction, as well as in many others, that the question is for the jury."

See, also, *Taylor* v. *L. A. & S. L. R. Co.*, 61 Utah 524, 216 P. 239; *Freedman* v. *Denhalter Bottling Co.*, 54 Utah 513, 182 P. 843; *Wooton* v. *Dragon Con. M. Co.*, 54 Utah 459, 181 P. 583; *James* v. *Robertson*, 39 Utah 414, 117 P. 1068.

Our statute, section 3977, as amended by Laws Utah 1921, at page 234, reads as follows:

"An operator of a vehicle shall bring the same to a full stop not less than five feet from the rear of any street car or interurban train headed in the same direction which has stopped for the purpose of taking on or discharging passengers, and shall remain standing until such car has taken on or discharged said passengers."

Apparently counsel for defendants concede that a violation of this law would constitute negligence, and evidence of such violation being the proximate cause of the injuries complained of would be sufficient evidence of negligence for

the jury, but they argue that the statute has no place in this case because all of the evidence shows that the bus was ahead of the car at .the time of the accident and could not possibly stop 5 feet behind the car under these circumstances. We have seen, however, that plaintiff's witnesses testified the street car had stopped before the bus came up and struck the deceased, which, if believed, would make it necessary for the bus to pass at least a part of the car after it had stopped and before the accident.

The purpose of this statute is to avoid accidents to persons about to board or leave street cars.

In *Ruddy* v. *Ingebret,* 164 Minn. 40, 204 N. W. 630, 44 A. L. R. 159, the court says:

"The statute requires the driver of the truck to stop not less than '10 feet behind the street car.' * * * The Legislature did not make the statute for rear gates only. It applies equally to the front exit doors. It was intended to avoid the peril incident to vehicles being near the exits. The vehicle must be stopped 'behind the street car,' not behind the exit, hence the vehicle must avoid being alongside the street car when it stops to allow passengers to alight. The violation of this statute is a misdemeanor.'

While it is not necessary under the facts of this case to approve in its entirety the above quotation, we think there was ,sufficient evidence of negligence on the part of the defendants in violation of the above statute to go to the jury.

Also there was some evidence of improper speed and failure to keep a proper lookout on the part of the defendants that was properly submitted to the jury.

What has already been said disposes of defendant's assignments of error that there is not sufficient evidence to support the verdict.

Defendants strenuously contend that the evidence shows that the deceased was guilty of contributory negligence

which was the cause of his injuries and that he must fail as a matter of law on this ground.

In view of the conflict in the evidence as to how the accident happened as above pointed out, we are not prepared to say as a matter of law that the deceased ■ was guilty of such contributory negligence as to bar plaintiff the right to recover.

Where the evidence is conflicting to such an extent that reasonable minds might reach different conclusions therefrom, then the question should be left to the jury under proper instructions. This matter is so well established that only a few of the cases will be referred to ■ from this jurisdiction. *Rollow* v. *Ogden City,* 66 Utah 475, 243 P. 797; *Knight* v. *Southern Pacific Co.,* 52 Utah 42, 172 P. 689; *Freedman* v. *Denhalter Bottling Co.,* 54 Utah 513, 182 P. 843; *Atwood* v. *U. L. & R. Co.,* 44 Utah 366, 140 P. 137; *Oswald* v. *U. L. & R. Co.,* 39 Utah 245, 117 P. 46.

"The question of contributory negligence is one of fact for the jury when the evidence in regard thereto is in dispute or is conflicting, or uncertain." 45 C. J. 1304 and cases cited.

Defendants cite and rely on a long list of cases, among which are the following: *Harder* v. *Mathews,* 67 Wash. 478, 121 P. 983; *Peterson* v. *Ballantine & Sons,* 205 N. Y. 29, 98 N. E. 202, 39 L. R. A. (N. S.) 1147; *Faucett* v. *Bergmann,* 57 App. D. C. 290, 22 F. (2d) 718; *Brickell* v. *Trecker,* 176 Wis. 557, 186 N. W. 593; *Apps.* v. *Walters,* 216 Mich. 17, 184 N. W. 421; *Halzle* v. *Hargreaves,* 233 Mich. 234, 206 N. W. 356; *Lovett* v. *Scott,* 232 Mass. 541, 122 N. E. 646; *Hooper* v. *Adams Express Co.,* 289 Ill. 169, 124 N. E. 445; *Mayer* v. *Anderson et al.,* 36 Cal. App. 740, 173 P. 174; *Finkle* v. *Tait,* 55 Cal. App. 425, 203 P. 1031; *Thompson* v. *White,* 56 Cal. App. 173, 204 P. 561; *Gimeno* v. *Martin,* 64 Cal. App. 154, 220 P. 1076; *Lord* v. *Stacy,* 68 Cal. App. 517, 229 P. 874; *Moss* v. *Boynton Co.,* 44 Cal. App.

474, 186 P. 631; *Silverstein* v. *Adams*, 134 Wash. 430, 235 P. 784; *Richards* v. *Palace Laundry Co.*, 55 Utah 409, 186 P. 439; *Shafer* v. *Keeley Ice Cream Co.*, 65 Utah 46, 234 P. 300, 38 A. L. R. 1523.

Even though it be conceded that these cases sustain the proposition that a pedestrian is guilty of contributory negligence as a matter of law where he steps into a crossing directly in front of an approaching car without looking for the car and that a pedestrian must keep a vigilant lookout when attempting to cross a highway at a place other than a regular crossing, they are all distinguishable from the case at bar from the fact that none of them are cases where a pedestrian is standing out in the street waiting for an approaching street car and where he has a right to rely upon the law requiring cars to stop back of the street car and permit persons to board the same.

We cite only two of a number of cases which, in view of the evidence, appear to us more nearly in point: *Zimmerman* v. *Mednikoff et al.*, 165 Wis. 333, 162 N. W. 349, 350. After referring to an ordinance requiring the driver of an automobile to "stop whenever it passes a street car which is either taking on or letting off passengers," the court has this to say:

"This, however, did not absolve the plaintiff from the duty also resting upon him to exercise, under the circumstances, ordinary care for his own safety, * * * one of those circumstances is that a person so situated has the right to presume that the defendant would comply with the law embodied in the statute and the ordinance requiring such a stop."

The court held that the question of contributory negligence was for the jury.

In *Mann* v. *Scott*, 180 Cal. 550, 182 P. 281, 283, where facts were somewhat similar to the case at bar, in discussing the question of contributory negligence, the court says:

"Whether, if she saw the automobile, respondent would have been warranted in going toward the street car without further watching

the automobile approach, relying upon a compliance by the appellants with the requirements of the ordinance [to stop back of street car] was a question upon which men's minds might well differ, and hence it was properly a case for the jury."

We are not called upon to pass on the question of whether or not deceased would be guilty of contributory negligence as a matter of law if the defendants' testimony was believed, and hence we express no opinion on that question.

It is contended deceased was guilty of negligence as a matter of law because he was violating our statute, section 3985, Comp. Laws Utah 1917, as amended by Chapter 83, Laws Utah 1921, which reads, so far as material here:

"Pedestrians shall not use the highways for travel except when obliged to do so by the absence of sidewalks reasonably suitable for their use, in which case they shall keep as near as reasonably possible to the side of the same. * *

"A pedestrian shall not cross a highway except at a regular crossing thereof, provided such crossing is within three hundred feet of another regular crossing of the same highway. * * * "

There is no evidence that there is a crossing within 300 feet of another regular crossing on Second South street. It would therefore appear that there was no violation on the part of the deceased of the technical terms of the statute. Counsel say that there was a crossing within 115 feet of the place of the accident, and that therefore the deceased, in undertaking to cross the street where he did, was a violator of the spirit of the statute. We do not feel called upon to determine this question because upon plaintiff's theory deceased was not crossing or attempting to cross the street at the time of the accident, but was standing in the street waiting to catch a street car at a place where cars customarily stop to discharge and take on passengers.

That brings us to the assignment that the court erred in permitting the witness Boyle, after testifying that he had been riding that car for three years and it always stopped

before crossing these tracks, to testify, over the objection of the defendants, that from his experience they did take on and discharge passengers at that stop. The defendant argues that, since there was no stop sign hung at this place and there was a stop sign in the center of the block and at the corner, the conductor could not make a regular stopping place by stopping at some other place, and that it was hearsay as to the defendants as to any experience of this witness, and the defendants could not be bound to take notice of such a stopping place. The record is silent as to any ordinance where street cars must stop and our attention has not been called to any statute regulating the matter. The law does not make the driver of an automobile take notice of stopping places, nor do his rights depend on whether or not he has notice of where such stopping places are. It is common knowledge in Salt Lake that street cars do not always stop at all stopping places in Salt Lake City. The law does not require automobiles to stop at stopping places but the law does make it the duty of a driver to stop and not pass a standing street car that is stopped for the purpose of taking on passengers. It would seem material and competent, therefore, to show, in view of the conflicting theories of how this accident happened, that cars did customarily stop at that place to discharge and take on passengers for the purpose of showing the likelihood of the plaintiff's theory, viz. the deceased was standing in the highway waiting for the street car.

Appellants complain of instruction No. 10. This instruction, after setting forth the usual language with reference to the general duties of the driver of a motorcar on the highway to drive in a careful and prudent manner having due regard to the width, grade, condition, character of traffic, and common use of the highway, reads as follows:

"The operator of an automobile shall reduce speed at crossings and street intersections. The law imposes the duty on the driver of an automobile to see persons or other vehicles directly in front of him, where his vision is unobstructed, and in seeing persons or auto-

mobiles directly in front of him to use all reasonable measures to avoid a collision."

Appellants complain of the first sentence above upon the ground that it has no application to the facts in this case, that this accident did not happen at a crossing or street intersection, and therefore the instruction is misleading and erroneous, and rely on the following cases: *Wright* v. *Intermountain Motor Car Co.*, 53 Utah 176, 177 P. 237; *Davis* v. *Midvale City*, 56 Utah 1, 189 P. 74; *Riding* v. *Roylance*, 63 Utah 221, 224 P. 885; *Koutsis* v. *Zion's Savings Bank & Trust Co.*, 63 Utah 254, 225 P. 339. These cases establish the proposition that an instruction which relates to matters outside the issues, or as to which there is no substantial evidence, is improper.

Clearly no street intersection is involved in this case, and that part of the instruction should not have been given, but, under the circumstances, we are inclined ■ to hold the error not prejudicial in this case. Since the case must be retried, we suggest that it be omitted from the instructions on the next trial.

Appellants argue that the last sentence is also erroneous because it assumes the deceased was lawfully on the highway and for the reason that all of the evidence shows that the view of the driver was obstructed by parked cars until the deceased came out suddenly from be- ■ tween them and into defendants' car. What was already been said disposes of this contention, for we have already seen deceased was not on the highway in violation of section 3985, as amended and there was some substantial evidence he was standing waiting for the car in plain view of the driver while the driver approached the place of accident a distance of 70 to 150 feet. We find no other error in this instruction.

Instruction No. 5, as given by the court is as follows:

"If you find from the preponderance of the evidence that the deceased was injured by reason of the negligence of the defendants

and that his death resulted therefrom as alleged in the complaint, then in order to defeat the plaintiff's right of recovery upon the ground of contributory negligence the burden is upon the defendants to prove by a preponderance of the evidence that the deceased himself was guilty of negligence that proximately contributed to his own injury."

The defendants in their request No. 9 requested an instruction on this subject as follows:

"When a defendant charges contributory negligence, the burden of proof is upon him to prove the same by a preponderance of the evidence, unless the evidence offered by the plaintiff shows that he was guilty of contributory negligence."

This court has had occasion repeatedly to pass on similar instructions. In *Dahlquist* v. *D. & R. G. R. Co.*, 52 Utah 438, 174 P. 833, 836, in commenting upon an instruction almost in the exact language given in this case, Mr. Justice CORFMAN says:

"Standing alone, the instruction, as given, would be clearly erroneous, in that it thus restricts the proof as to contributory negligence to the defendant's testimony alone, and deprives the defendant * * * of plaintiff's testimony in that regard."

In that case it was found that the error was harmless because there was no evidence on the part of the plaintiff tending to establish contributory negligence.

In *Taylor* v. *Bamberger Electric R. Co.*, 62 Utah 552, 220 P. 695, a similar instruction was held prejudicial. Other Utah cases on the subject are referred to in the last-named case.

It seems to us that, taking the plaintiff's theory that the deceased was standing out in the highway near the street car tracks waiting to board an approaching street car, there was evidence from his own witnesses from which the jury might have found him guilty of contributory negligence in "standing there" without apparently seeing the bus coming or making any effort to avoid

the accident and save himself. While the request as made may not technically comply with the law and therefore probably would not be reversible error, inasmuch as the case must be retried, we direct attention to the matter that the instructions as to burden of proof of contributory negligence may be altered so as to inform the jury that contributory negligence may appear from the plaintiff's evidence, and, if it does so appear by a preponderance of the evidence, the plaintiff may not recover.

Defendants complain about some of the other instructions, but the objections go back to the same proposition of misconstruing the evidence, and we find no substantial error in them.

Defendants assign as error the court's refusal to give their requests Nos. 6 and 7 which are as follows:

No. 6. "You are instructed that if you find from the evidence that Orson Morgan crossed, without warning, from the curb toward the street car, from between two parked cars, without stopping, looking, or listening, for the approach of vehicles proceeding east on Second South Street, then you shall find Orson Morgan negligent in that particular, and if you find said negligence contributed to the injuries complained of, then your verdict shall be in favor of defendants and against the plaintiff no cause of action."

No. 7. "You are instructed that one of the defenses set up by the defendants is that any injuries sustained by Orson Morgan by reason of the accident described in the complaint were proximately contributed to by his own negligence in this, that he suddenly and without warning, ran out from the curb toward the street car, between two parked cars, and stepped directly into the path of the vehicle driven by the defendant L. W. Jones, at a time and under such conditions that defendant L. W. Jones could not by due care avoid the accident, and if you find from the evidence that the said Orson Morgan did so run out from the curb toward the street car, between two parked cars as aforesaid, and directly stepped into the path of the vehicle driven by the defendant L. W. Jones, then you shall find that the said Orson Morgan was negligent in that particular, and your verdict must be against the plaintiff and in favor of defendants, no cause of action."

The court refused to give either of these requests, and the only instruction with reference to defendants' theory of

contributory negligence in addition to instruction No. 5, already quoted, was instruction No. 12, as follows:

"You are instructed that contributory negligence is the failure to use that ordinary care and diligence that would be expected of an ordinary prudent person of similar age and experience to that of the deceased, Orson Morgan, under like circumstances to avoid an injury. Therefore, even though you find that the defendants were negligent, still, if you find that the deceased, Orson Morgan, did not exercise that ordinary care and diligence to prevent injury to himself that would be expected of ordinary and prudent persons of similar age and experience situated as Orson Morgan was, you should find for the defendants and against the plaintiff, no cause of action."

A party is entitled to have his case submitted to the jury on the theory of his evidence as well as upon the theory of the whole evidence. *Toone* v. *O'Neill Const. Co.*, 40 Utah 265, 121 P. 10; *Hartley* v. *Salt Lake City*, 41 Utah 121, 124 P. 522, 523, and *Miller* v. *Utah Consol. M. Co. et al.*, 53 Utah 366, 178 P. 771; *Pratt* v. *Utah Light & Traction Co.*, 57 Utah 7, 169 P. 868.

The following language of Mr. Justice STRAUP in the case of *Hartley* v. *Salt Lake City*, supra, is peculiarly applicable here:

"There are two parties to a lawsuit. Each on a submission of the case to the jury, is entitled to a submission of it on his theory and the law in respect thereof. The defendant's theory as to the cause of the accident is embodied in the proposed requests. There is some evidence, as we have shown, to render them applicable to the case. That is not disputed. We think the court's refusal to charge substantially as requested was error. That the ruling was prejudicial and works a reversal of the judgment is self-evident and unavoidable."

Respondent's counsel apparently do not contest this rule of law, but they argue these requests were substantially covered, as the court found was the case in the cases cited. The court in other instructions set forth fully plaintiff's theory of the evidence as to the alleged negligence on the part of the defendants, but, except as pointed out, gave no instructions on defendants' theory.

While the requests are not models of accuracy, we think

the defendants were entitled to have at least the substance of the same given so as to present their theory of the evidence to the jury, and that a failure on the part of the court to do so was prejudicial error.

By what is here said it is not intended to hold that, in every case where a pedestrian attempts to approch a street car, he must either stop or look or listen for approaching vehicles and his failure to do so would constitute contributory negligence as a matter of law. All that it is intended to hold is that defendant is entitled to have his theory of the case presented to the jury. Briefly, they were entitled to have the jury told, in substance, that, in crossing or attempting to cross a public street, it was the duty of the deceased to exercise due care and reasonable vigilance to discover approaching vehicles, and that, if the jury should find that as a matter of fact the deceased failed to do what due care required by suddenly, without looking, stepping out from the curb line between two parked cars directly into or in front of defendants' car at a time and under such circumstances that defendants' agent could not, by the exercise of ordinary care, have avoided the accident they might find such conduct to be negligence on the part of the deceased, and, if they further found that such negligence directly contributed to the accident, then plaintiff could not recover.

The record contains a number of other assignments of error, and we have examined the same, and find none of them of sufficient importance to justify the further lengthening of this opinion.

For the reasons given, the judgment of the trial court is reversed, and the cause is remanded to the district court of Salt Lake county, with directions to grant a new trial; appellant to recover costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.

EPHRAIM HANSON, J., being disqualified, did not participate herein.