## HANNAH W. HUSSEY vs. JOHN J. FRANEY.

Suffolk. March 7, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Agency,* Existence of relation. *Master and Servant. Funeral.*

Where a stable keeper lets for an afternoon a hack with a pair of horses and the driver to another stable keeper, who sends the hack with its driver to a funeral in charge of an undertaker, who sits on the front seat of the hearse at the head of the funeral procession and directs its course and speed, the hack driver remains the servant of the first stable keeper who pays him and who sent him out for the afternoon, and, if a person attempting in the exercise of due care to cross the path of the funeral with a horse and buggy is injured by reason of the negligence of the hack driver, such employer is liable in damages.

Whether a person sitting as a guest in a buggy by the side of one driving across a funeral procession in such a way as wilfully to interrupt and disturb it in violation of R. L. c. 212, § 34, could recover from the employer of the driver of one of the carriages in the procession for injuries caused by the negligence of such driver, here was not considered, because there was no evidence of a violation of the statute.

TORT for personal injuries sustained by the plaintiff on November 8, 1903, by reason of the negligence of one Duggan, who

was driving in a funeral procession a pair of horses attached to a hack belonging to the defendant, a stable keeper, and ran into a buggy belonging to one Bakeman, in which Bakeman was driving with the plaintiff as his guest, the funeral procession being in charge of one Hogue, an undertaker. Writ dated February 1, 1904.

In the Superior Court the case was tried before *Lawton, J.,* without a jury. The defendant asked for seventeen rulings, which were refused by the judge, and which are described by him in his decision printed below, in which the facts relied upon by the defendant also are stated. The first of these rulings requested was that "upon all the evidence and the pleadings, the plaintiff is not entitled to recover," and the eighth was that "upon the evidence in this case, Duggan, the hack driver, was not the servant of the defendant at the time of the accident."

The judge made the following memorandum of decision:

"I am satisfied that Bakeman, the driver of the carriage in which the plaintiff was riding, was in the exercise of due care, and that Duggan, the driver of the hack, was negligent. At the time when Bakeman turned to drive through the funeral procession, it should have been evident to Duggan that Bakeman intended to attempt to drive through, and he testified that it was evident to him. At the time when Bakeman turned to drive through, the distance between his buggy and Duggan's hack, the rate at which the buggy and the hack respectively were going (a slow trot in both cases) and the distance between Duggan's hack and the hack next in front were such that Bakeman was well warranted in proceeding. By the exercise of reasonable care on Duggan's part, by slowing his horses a little or by turning them a little to the left, or by both, the collision would have been avoided. This was so clearly the natural thing for him to do under the circumstances, that his doing the contrary (as he did) is very strong evidence that he was trying to drive in front of Bakeman to head him off and prevent his going through the procession. Bakeman had a right to assume that Duggan would exercise due care until the contrary appeared. When the contrary appeared, there was not time enough for Bakeman by the exercise of reasonable care to extricate himself and avoid the collision.

"The defendant, a stable keeper, denies his liability for the injury because of the following facts: The hack which caused the injury was owned by him, and the driver, Duggan, was in his employ. For the afternoon in question he had let the hack and driver to one Conklin, also a stable keeper, he himself knew nothing of what the hack was to be used for, or where it was to go, or where it did go, until it returned to his stable at night. The undertaker who had charge of the funeral rode on the hearse at the head of the funeral procession, and directed its course and speed. Whether Conklin had let the hack to the undertaker or to the persons who rode in it did not appear.

"The case seems clearly within the rule laid down in *Driscoll* v. *Towle*, 181 Mass. 416. The defendant in his requests for rulings numbered 8 to 14, inclusive, apparently asks me to rule the contrary, and those requests were refused. The remainder of the defendant's seventeen requests are, in view of foregoing findings and rulings, immaterial, or improper, and are all refused and to these rulings and refusals to rule, the defendant seasonably saved his exceptions."

The judge found for the plaintiff, and assessed damages in the sum of $2,000. The defendant alleged exceptions.

The case was submitted on briefs.

*M. O. Garner*, for the defendant.

*A. T. Johnson*, for the plaintiff.

MORTON, J. The principal question in this case is whether Duggan, the driver of the hack, was at the time of the accident the servant of the defendant, or of Conklin, to whom the defendant had let the hack with the horses and driver, or of Hogue, the director of the funeral procession of which the hack formed a part.

There was nothing to show, or at least it cannot be said that it could not have been found, that the hack with the driver and horses was not let in the usual manner, with the implied understanding that the driver remained the servant of the defendant, and as such had the management of the horses and exercised care and oversight over them and the hack, but was to obey such directions as to the use to be made of the hack as might be given to him by the person to whom the hack, driver and horses were let. Under such circumstances it is clear that the defend-

ant would be liable for injuries suffered by a third person in consequence of the driver's negligence. *Shepard* v. *Jacobs*, 204 Mass. 110, and cases cited. *Driscoll* v. *Towle*, 181 Mass. 416. *Randolph* v. *O'Riordon*, 155 Mass. 331. *Standard Oil Co.* v. *Anderson*, 212 U. S. 215. *Dewar* v. *Tasker & Sons*, 23 T. L. R. 259, 260.

There is no just ground for the contention that the driver was the servant of either Conklin or Hogue. Conklin simply sent the hack and driver to Hogue, and Hogue, beyond riding on the hearse with the driver and thus setting the pace for the procession and beyond indicating to Duggan his place in the procession, exercised no control whatever over him.

It is plain that there was evidence of negligence on the part of Duggan. No contention is made that the plaintiff was not in the exercise of due care.

There was no evidence to warrant a finding that Bakeman wilfully interrupted or otherwise disturbed the funeral procession in violation of R. L. c. 212, § 34, even if we assume in the defendant's favor without deciding that, if he had done so, it would have operated to prevent the plaintiff from recovering.

*Exceptions overruled.*