MARYLAND DREDGING & CONTRACTING CO. v. STATE OF MARYLAND, to Use of BODDIE, et al.

STATE OF MARYLAND, to Use of BODDIE, v. BALTIMORE & O. R. CO. et al.

(Circuit Court of Appeals, Fourth Circuit. October 22, 1919.)

Nos. 1714, 1715.

**1.** SHIPPING ☞84(1)—NEGLIGENCE CAUSING DEATH OF STEVEDORE.

A dredge, working in a slip, with two lines on each side to the piers, dropping and tightening alternately, as she worked, which allowed one line to sag while a launch loaded with stevedores was passing, sweeping off a stevedore, who was drowned, *held* in fault, it appearing that the launch signaled and would have passed safely, if the line had been held taut, as customary, but through negligence was not heard nor seen; and the master of the launch also *held* in fault for proceeding, knowing the danger, and without indication that his signal was heard and would be heeded.

**2.** CARRIERS ☞240—MASTER AND SERVANT ☞315—WORKMEN BEING TRANSPORTED NOT "PASSENGERS"; NEGLIGENCE OF INDEPENDENT CONTRACTOR TRANSPORTING EMPLOYÉS CHARGEABLE TO THEIR EMPLOYER.

Workmen being transported to their place of work by the master at his expense and in their work time, are not "passengers," but employés, for whose safety the master must exercise reasonable care; and he cannot relieve himself of this responsibility by employing an independent contractor for their transportation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Passenger.]

**3.** MASTER AND SERVANT ☞194—STEVEDORES TRANSPORTED TO THEIR WORK NOT FELLOW SERVANTS OF MASTER OF VESSEL.

Where an employer of stevedores, under agreement to transport them to their work, contracted with the owner of a launch to carry them, the master of the launch was not their fellow servant, and for his negligence, contributing to the death of a stevedore, the employer is liable.

Appeals from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit by the State of Maryland, to the use of Louise Boddie, widow of William Boddie, deceased, against the Baltimore & Ohio Railroad Company and others. Decree for libelant against respondent Maryland Dredging & Contracting Company, and it appeals. Modified.

For opinion below, see 254 Fed. 720.

George Forbes, of Baltimore, Md. (Joseph N. Ulman and Knapp, Ulman & Tucker, all of Baltimore, Md., on the brief), for Maryland Dredging & Contracting Co.

Benjamin H. McKindless, of Baltimore, Md. (Charles W. Main, of Baltimore, Md., on the brief), for State of Maryland, to the use of Louise Boddie and others.

Frank Gosnell, of Baltimore, Md. (Marbury, Gosnell & Williams and Jesse Slingluff, all of Baltimore, Md., on the brief), for Patapsco Ship Ceiling & Stevedore Co.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. [1] In the summer of 1917, the dredge Chesapeake was working in a slip in Baltimore harbor. The Baltimore & Ohio Railroad Company owned the land adjacent to the slip, and had employed for the work the Empire Engineering Company, and it in turn had employed the Maryland Dredging & Contracting Company, owner of the Chesapeake. The dredge was made fast to the piers by two lines on each side. When it was not in operation, these lines were sufficiently taut and elevated above the water for a launch to pass under. When the dredge was operating, the lines were alternately slack and taut as the bucket of the dredge went up and down. Launches frequently passed the dredge, going under these cables when they were taut. The Patapsco Ship Ceiling & Stevedore Company in the course of business carried its workmen from place to place in the harbor. For this purpose they sometimes used their own launches, and sometimes hired the launches of other owners. By contract the employment and pay of the workmen commenced from the time they embarked to be carried to the place of work.

On August 25, 1917, the Stevedore Company contracted with the owner of the launch Rosa to carry a number of its workmen from the pier adjacent to the slip in which the Chesapeake was dredging to the place where they were to work. The Rosa having taken on the stevedores undertook to pass under the cables of the Chesapeake. While passing one of the cables fell on the launch and knocked off the stevedore, William Boddie, who was sitting in the stern. Boddie was drowned, and the state of Maryland filed this libel for the benefit of Louise Boddie, widow of William Boddie, against the Baltimore & Ohio Railroad Company, the Empire Engineering Company, Maryland Dredging & Contracting Company, and the Patapsco Ship Ceiling & Stevedore Company, alleging that his death was due to the negligence of all the respondents. The owner of the launch was not made a party. The District Court held (1) that the dredge was at fault and liable; (2) that since the Dredging Company was abundantly solvent it was unnecessary to decide whether the Baltimore & Ohio Railroad Company and the Engineering Company were exempt from liability on the ground that the Dredging Company was an independent contractor; (3) that even if the master of the launch was at fault, and its owner liable, no decree could be entered against him because he was not a party to the action; (4) that the Stevedore Company could not be held liable for any negligence in the navigation of the launch because the owner of the launch was an independent contractor.

We think the first finding is well supported by the evidence. The dredge cannot claim, without limitation, the privileges of a vessel resting at anchor. True, the vessel itself was stationary, but it was

at work with movable lines stretched over the water under which its master knew launches passed from time to time; and he knew, also, that for their safe passage watchfulness and care were required to heed the signal of approach, to keep taut the line under which a launch was about to pass, and to warn any approaching launch not to attempt to pass under a line when he was about to slacken it. On conflicting evidence, the District Judge held that the Rosa did give a blast of her whistle to indicate her intention to pass under the lines then taut; that the master of the dredge or the engineer set to watch on the stern should have heard and heeded the signal; that the watch was negligent in not seeing the launch, especially after her signal, and either warning her not to try to pass or holding the lines taut until she passed. These conclusions having strong support in the testimony of witnesses before the court are not subject to review here.

We think the District Judge was right in the opinion he intimated that the navigator of the launch was also negligent. The master of the launch knew the great danger of attempting to pass under the lines when the dredge was in operation, and he knew, also, that if not then in operation it might begin to operate at any moment. Although his boat was loaded with men, all of whose lives would be imperiled if the lines fell while he was passing, he subjected them to the hazard of the passage, on the chance that the master or watchman on the dredge had heard and would heed his signal, although he had had no response to it and no evidence of assent to his passage. This was negligence for which we can find no excuse.

[2] Some authorities hold that employés being transported to their place of work in pursuance of a contract with the master, the transportation being a part of their compensation, are passengers. Klinck v. Chicago City Ry. Co., 262 Ill. 280, 104 N. E. 669, 52 L. R. A. (N. S.) 76, Ann. Cas. 1915B, 177, and authorities cited; note 19 L. R. A. (N. S.) 718. But by the great weight of reason and authority such workmen, in course of transportation, sustain the relation of employés for whose safety the master must exercise reasonable care. Northern Pacific R. R. Co. v. Peterson, 162 U. S. 346, 355, 16 Sup. Ct. 843, 40 L. Ed. 994; Martin v. Atchison, Topeka, etc., R. R. Co., 166 U. S. 399, 17 Sup. Ct. 603, 41 L. Ed. 1051; note 12 L. R. A. (N. S.) 856.

We are unable to agree that the Stevedore Company can escape the consequences of the negligence of the master of the launch on the ground that its owner was employed as an independent contractor. Doubtless the owner of the boat was an independent contractor as between himself and the Stevedore Company, and in his relation to the general public. For any negligence the consequences of which would fall on the Stevedore Company he would be liable over to the Stevedore Company. For any injury inflicted by his negligence on the outside public, such for example as an injury to another boat by collision, the owner of the launch as an independent contractor would be liable to the exemption of the Stevedore Company. Sturgis v. Boyer et al., 24 How. 110, 16 L. Ed. 591; The Eugene F. Moran, 212 U. S. 466,

29 Sup. Ct. 339, 53 L. Ed. 600; Casement v. Brown, 148 U. S. 615, 13 Sup. Ct. 672, 37 L. Ed. 582; Wilmington Railway Bridge Co. v. Franco-Ottoman Shipping Co., 259 Fed. 166, —— C. C. A. ——, Fourth Circuit, filed January 7, 1919.

But the Stevedore Company having contracted to convey its employés to their work, its obligation to use reasonable care in the carriage is implied as a part of the contract; and it cannot shift this obligation to another by an independent contract to which the employés were not parties and to which they did not assent. Water Co. v. Ware, 16 Wall. 566, 21 L. Ed. 485; City & S. Ry. Co. v. Moores, 80 Md. 348, 30 Atl. 643, 45 Am. St. Rep. 345; Atlanta & F. R. Co. v. Kimberly, 87 Ga. 161, 13 S. E. 277, 27 Am. St. Rep. 231; John J. Radel Co. v. Borches, 147 Ky. 506, 145 S. W. 155, 39 L. R. A. (N. S.) 227; note 66 L. R. A. 148, 150; Hussey v. Franey, 205 Mass. 413, 91 N. E. 391, 137 Am. St. Rep. 460; 14 R. C. L. 99. There is no evidence that Boddie or any other employé consented to look to the owner of the launch for the safety of their transportation.

[3] The master of the launch whose negligence contributed to the death of Boddie was not a fellow servant of the workmen on the launch. In New England R. Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 181, overruling Chicago, etc., R. Co. v. Ross, 112 U. S. 377, 5 Sup. Ct. 184, 28 L. Ed. 787, the Supreme Court held the conductor of a freight train to be a fellow servant of the train crew. There has been much difference of judicial opinion on the question whether under the general admiralty law the master of a vessel is a fellow servant of the crew, or the representative of the owner for whose negligence resulting in personal injury to a seaman the owner would be liable. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264; Gabrielson v. Waydell, 135 N. Y. 1, 31 N. E. 969, 17 L. R. A. 228, 31 Am. St. Rep. 793; Thompson v. Hermann, 47 Wis. 602, 3 N. W. 579, 32 Am. Rep. 784; Scarff v. Metcalf, 107 N. Y. 211, 13 N. E. 796, 1 Am. St. Rep. 807; notes 31 Am. St. Rep. 807, and 21 Ann. Cas. 110.

But the question was settled by the following statute:

"In any suit to recover damages for any injury sustained on board vessel or in its service seamen having command shall not be held to be fellow servants with those under their authority." Act March 4, 1915, c. 153, § 20, 38 Stat. 1185 (Comp. St. § 8337a).

Hence, even if the launch had been the property of the Stevedore Company and the master its employé he would have been its representative, and for his negligence it would be liable to the workmen it had contracted to transport.

But, even if that were not true, Boddie and the other workmen were not fellow servants of the servant of one with whom the Stevedore Company had contracted to perform for it its contract obligation for their safe transportation. It chose to displace its own servants with the servants of another master, and it cannot be heard to say that the servant of that other over whom it had no control was a fellow servant of its own workmen. 18 R. C. L. 762, and cases cited; Bernheimer

v. Baker, 108 Md. 551, 70 Atl. 91, 129 Am. St. Rep. 458; City & S. Ry. Co. v. Moores, 80 Md. 348, 30 Atl. 643, 45 Am. St. Rep. 345; Charron v. Northwestern Fuel Co., 149 Wis. 240, 134 N. W. 1048, 49 L. R. A. (N. S.) 162, Ann. Cas. 1913C, 939.

The result is that the owner of the launch is not a necessary party, and that the Stevedore Company is liable equally with the Dredging Company for the damages found by the District Court. A decree will be entered, so modifying the decree of the District Court.

Modified.