## RIDING v. ROYLANCE.

No. 3994.   Decided March 20, 1924.   (224 Pac. 885.)

1.  APPEAL AND ERROR—TRIAL—GIVING INSTRUCTION AS TO DEFENDANT'S LIABILITY FOR ACTS OF DRIVER OF AUTOMOBILE TRANSPORTING EMPLOYÉS HELD ERROR AND PREJUDICIAL. In an action for personal injuries to an employé, while being transported in an automobile to her home, in accordance with the terms of her employment contract, where the evidence showed that the driver, a son of the man engaged to transport defendant's employés, had been doing such work, and that on the day involved had been expressly directed by defendant's foreman to transport the employés to their homes, an instruction that if defendant did not employ the driver in question, it would make no difference whether he was negligent or whether the injury resulted from the manner of his handling the automobile, the defendant would not be liable, *held* misleading as assuming facts contrary to undisputed evidence and also prejudicial.

2.  MASTER AND SERVANT—MASTER LIABLE FOR NEGLIGENCE OF ONE EMPLOYED TO TRANSPORT EMPLOYÉS. Where an employer, by contracts of employment, undertook to transport employés between their homes and their place of work, if one employed to transport them was as between him and the employer, an independent contractor, he was, nevertheless, as between the employer and the employés, the agent of the employer, for whose negligence the employer was liable, as the employer could not shift his obligation to transport to another without the employés consent.[1]

---

[1] Distinguishing *Callahan* v. *Salt Lake City*, 41 Utah, 300, 125 Pac. 863; *Dayton* v. *Free*, 46 Utah, 277, 148 Pac. 408; *Wooton* v. *Dragon Con. M. Co.*, 54 Utah, 459, 181 Pac. 597; *Stricker* v. *Ind. Comm.*, 55 Utah, 603, 188 Pac. 849, 19 A. L. R. 1159.

3. APPEAL AND ERROR—MASTER AND SERVANT—INSTRUCTION AS TO INDEPENDENT CONTRACTOR HELD INAPPLICABLE AND PREJUDICIAL. In an action for injuries received by an employé while being transported to her home, pursuant to the terms of her employment contract, by the son of one employed to transport defendant's employés, an instruction on the law of independent contractors *held* prejudicial.

4. TRIAL—INSTRUCTION AS TO ASSUMPTION OF RISK BY EMPLOYÉ TRANSPORTED BY EMPLOYER HELD INAPPLICABLE. In an action for personal injuries to an employé while being transported from work, pursuant to the terms of her employment contract in an automobile hired by defendant, an instruction as to assumption of risk *held* erroneously given, because inapplicable, where the evidence did not establish overloading of the car or unskillful and incompetent driving, but an accident occurring suddenly and without warning.

5. TRIAL—INSTRUCTION AS TO MATTERS OUTSIDE ISSUES OR UNSUPPORTED BY SUBSTANTIAL EVIDENCE IMPROPER. An instruction which relates to matters outside the issues, or as to which there is no substantial evidence, is improper.

6. MASTER AND SERVANT—INSTRUCTION AS TO CARE REQUIRED OF DRIVER TRANSPORTING EMPLOYÉS HELD IMPROPERLY REFUSED. In an action for injuries to an employé while she was being transported from work in a car furnished by defendant employer, pursuant to the terms of her employment contract, a requested instruction as to the duty of the driver of the car to exercise ordinary care as prudent persons under like circumstances would have exercised, and requiring a finding for plaintiff if the evidence established lack of use of such care, *held* improperly refused.

Appeal from District Court, Fourth District, Utah County; *Dilworth Woolley,* Judge.

Action by Nellie E. Riding against William M. Roylance. Judgment for defendant, and plaintiff appeals.·

REVERSED AND REMANDED, with directions·for new trial.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for appellant.

*J. H. McDonald* and *Abe Turner*, both of Provo, and *Dana T. Smith*, of Salt Lake City, for respondent.

THURMAN, J.

This is an action to recover damages for a personal injury alleged to have been caused by the negligence of defendant.

The complaint alleges in substance that on the 16th day of September, 1920, defendant was engaged in farming and agricultural pursuits, and that plaintiff and other persons on said date were employés of defendant; that on said date plaintiff, pursuant to her employment, was engaged in packing fruit and vegetables; that, during the time plaintiff was working for defendant, defendant undertook to and did transport plaintiff and other employés from Provo, Utah, where they resided, to defendant's farm and place of business, where plaintiff was employed, and likewise undertook to transport plaintiff and said other employés from said farm to Provo City; that for the purpose of said transportation defendant used a five-passenger touring car. It is then alleged that on the date last aforesaid defendant was negligent in the employment of servants to operate said car who could not drive or handle the same with reasonable safety, and caused the car to be overloaded with passengers, and carelessly and negligently operated the car at a great and unusual rate of speed so as to cause it to be upset and overturned, whereby plaintiff, who was being transported from said farm to her home in Provo, was thrown upon the ground, causing her serious and permanent injury, to her damage in the sum of $10,000. Medical and other expenses incident to said injury are also alleged, for all of which, in addition to the damages above alleged, she prays judgment in her complaint.

Defendant answering the complaint admits that defendant was engaged in the business alleged in the complaint, and that plaintiff was in his employment as alleged therein, but denies each and every other allegation not specifically admitted.

Further answering and as a separate defense defendant

alleges that plaintiff, Carlyle Maw, Maud Blake, and other
employés (whose names are not necessary to mention) were
all in the employment of defendant on the date alleged, and
that all of them were engaged in the same class of work, to
wit, packing fruit; that all of them quit their said employ-
ment about 12 o'clock noon on the day of the alleged injury,
and were returning from defendant's farm in an automobile,
and while on their way home upon the public highway said
Carlyle Maw was driving said automobile, and for some cause
unknown to defendant said Maud Blake, a fellow servant of
plaintiff, seized the steering wheel of the automobile, while
the car was in motion, and by a sudden twist said Maud
Blake and Carlyle Maw, the driver, both of whom were
fellow servants with the plaintiff, suddenly turned said auto-
mobile and caused the same to tip over; that the injury to
plaintiff, if any, was caused by said fellow servants and not
by the defendant.

It is then alleged in substance that plaintiff had thereto-
fore on divers occasions ridden in said automobile when
Carlyle Maw was driving, and that his skill and ability, or
lack of the same, were open and obvious to plaintiff and well
known to her, and that on the occasion in question, if he
was driving at an unreasonable rate of speed, or if the car
was overloaded, the facts were likewise open and obvious to
plaintiff and well known to her, and notwithstanding all of
which she voluntarily and without protest entered said car
and rode therein, and is thereby estopped and precluded
from any right of action for injuries caused thereby.

Finally defendant alleges that in September, 1920, he
entered into a contract with one C. E. Maw, father of Carlyle
Maw, by which it was agreed that in consideration of the
payment by defendant of 25 cents, for each person to said
C. E. Maw he agreed to transport said employés of defend-
ant to and from their work at defendant's farm to Provo
City where said employés resided, and at the time of said
injury the said C. E. Maw, in conformity with said contract,
and as an independent contractor, was conveying plaintiff
and other employés from said place of work to Provo City;
that said defendant was not the owner of said automobile,

had no control over its operations, and no selection of the persons who should operate the same, but that the same was wholly under the control and direction of said C. E. Maw; that the said injuries to plaintiff, if any, were not caused by or contributed to by any negligent act or conduct on the part of defendant, his agents, servants, or employés.

The jury to whom the cause was tried found for defendant, no cause of action. From the judgment entered thereon the plaintiff appeals.

The errors relied on are: Instructions alleged to be erroneous, refusal to instruct as requested by plaintiff, and the admission and rejection of evidence over plaintiff's objection.

There is no conflict in the evidence concerning the following material facts: That the plaintiff and six other persons, including the driver Carlyle Maw, were riding in the automobile at the time of the accident; that they were all employés of the defendant in the business of picking and packing fruit; that in connection with their employment the defendant had undertaken to convey them from their homes in Provo City to their place of work and return them to Provo City at the close of their day's work; that on the day of the accident, by permission of the foreman, they quit work a few minutes before 12 o'clock noon in order to attend the funeral of defendant's wife, who had recently died; that Ezra B. Walker was defendant's foreman in charge of his employés, and expressly ordered the driver, Carlyle Maw, to drive the plaintiff and the other employés to Provo City, where they resided; that C. E. Maw, the father of Carlyle Maw, had entered into a contract with defendant to convey his employés from Provo to their place of work and return each day for the price of 25 cents per day for each employé so conveyed; that Maw furnished his own automobile for the purpose, and had control thereof; that there was no contractual relation whatever between Maw and said employés; that Carlyle Maw had frequently transported said employés back and forth in pursuance of the contract between his father and the defendant.

In addition to the foregoing facts, which are not in dispute, there is substantial evidence tending to show that on

the day of the accident, after being directed by the foreman to drive the plaintiff and other employés to Provo, and after the car was loaded as, aforesaid, the driver, Carlyle Maw, commenced to drive the automobile at a rate of speed about 30 miles an hour, and at the time of the accident was driving with only one hand on the steering wheel, and was looking down over the left side of the car. While in this attitude the car lurched to the left, started across the road, and then tipped over to the right and upset, thereby causing the injury complained of. There is also evidence tending to show that one of the employés—Maud Blake—sitting next to the driver, put her hand on the steering wheel, but the evidence is conflicting as to whether she did it before or after the car began to turn over. She testifies positively she did not touch the wheel until she found the car was tipping over.

The plaintiff appears to have been seriously injured, resulting in a miscarriage, requiring a surgical operation and other medical treatment. I find no evidence to justify an inference that the accident was caused by the car being overloaded, or that the driver was unskillful or incompetent, but there is evidence from which it might be inferred that the driver was negligent in operating the car.

Appellant assigns as error instruction No. 9 as given to the jury. The instruction reads as follows:

"If you find from the evidence that the defendant did not employ Carlyle Maw to drive the automobile in question, then it would make no difference whether said Carlyle Maw, was negligent, or whether the injury, if any, resulted from his handling of said automobile, and the defendant would not be liable."

In the light of the evidence, the giving of the instruction was clearly erroneous. It assumes that the question of Carlyle Maw's authority by defendant to drive the automobile in question at the time of the accident was in doubt, whereas such authority was established by indubitable evidence which was in no manner contracted. First, the undisputed evidence shows that Carlyle had been transporting the employés back and forth to and from their work for several days prior to the accident, in pursuance of his father's contract with the defendant. Second, the undisputed evidence shows that

on the very day of the accident, a few minutes before it occurred, defendant's foreman, Ezra B. Walker, called Carlyle from his regular work and expressly directed him to transport the employés, including plaintiff, to Provo City. If the instruction had not been given at all, the jury could not possibly have been misled as to Carlyle's authority, for Walker testified that he was defendant's foreman and ordered Carlyle to drive the car in pursuance of his authority as foreman. By the instruction complained of the jury may have thought that, inasmuch as the defendant did not personally direct Carlyle to drive the car, there was some question as to his authority. For that reason the instruction was misleading.

In 38 Cyc. p. 1671, it is said:

"Where facts have been admitted, either by the pleadings, or by the parties on the trial of the case, the court should assume their existence. A requested instruction which assumes that the existence of such facts as an open question is properly refused, and the giving of such instruction is eroneous."

In 14 R. C. L. pp. 775-777, the author says:

"A judge presiding at a trial while instructing the jury should be careful not to mislead them, or to suffer them to be misled by others. He must not give of his own motion, or at the request of either party, an instruction which, as applied to the facts of the particular case, is misleading or well calculated to mislead, or which will tend to confuse the jury in the consideration of the issues of the case, as where it will tend to lead them to a wrong conclusion on the facts."

The instruction was not only erroneous, but for the reasons stated was also prejudicial.

Appellant next complains of instruction No. 10, which reads as follows:

"An independent contractor is one who undertakes, for a stipulated sum, to do a particular thing, independent of direction or control by the person hiring, so if you find from the evidence that the defendant hired C. E. Maw to haul the plaintiff and others to and from their place of employment, at a stipulated price, that the means of conveyance was left to the said C. E. Maw, and that the defendant did not have direction over the said C. E. Maw or owned the conveyance used for the transportation, and that the defendant did not, under the terms of his contract with said C. E. Maw, have the right to direct who should drive said conveyance, or how many

persons should ride therein, then the said C. E. Maw was an inde-
pendent contractor, and the plaintiff cannot recover from the de-
fendant, and your verdict must be for the defendant."

Let it be assumed under the undisputed facts that as
between C. E. Maw and the defendant Maw was an independ-
ent contractor, and that as such the defendant would not
be liable to him for any injury he or third persons might
receive while transporting said employés; let it also be as-
sumed that Carlyle Maw, in transporting the employés, was
merely an agent of his father in carrying out the contract.
It cannot be assumed, however, that 'this contractual rela-
tion between Maw and the defendant in any manner changed
the relation of the defendant to the plaintiff and the other
employés whom the'defendant had undertaken to safely con-
vey back and forth from their home to their work.  They
were still the employés of defendant, and, as before stated,
had no contractual relation whatever with Maw.  For the
purpose of safely conveying defendant's employés from one
point to the other under the terms of their contract with the
defendant, Maw was an agent of the defendant, and de-
fendant was responsible for his conduct and liable for injury
resulting from his negligence.  If Maw was an independent
contractor, then it must be conceded that he occupied a dual
relation.  As between him and the defendant alone he may
have been an independent contractor, but as between
defendant and his employés Maw was clearly an agent          2
charged with the duty of discharging an obligation
which defendant owed to his employés under the terms of
an express contract.  This obligation the defendant could
not shift to the shoulders of another without his employés'
consent.

Counsel for appellant call our attention to the following
authorities which sustain the views above expressed:  26
Cyc. 1565; 1 Thompson on Neg. § 665; *Maryland Dredging
Co.* v. *Maryland* (C. C. A.) 262 Fed. 11, and cases cited;
*Montgomery Co.* v. *Montgomery & E. Ry. Co.*, 86 Ala. 372,
5 South. 735.

Counsel for respondent supposes a case in which the de-
fendant agrees to furnish and does furnish his employés

transportation from Provo to their work and return over the Salt Lake & Utah Railroad at his expense, and one of them is injured, while so traveling, through the negligence of the railroad company. Counsel assumes that in such a case the defendant would not be liable. We have about all we can do to decide the issues presented by the pleadings and evidence in the case before us without stepping aside to determine moot or hypothetical questions, but in deference to counsel we will say if defendant had undertaken to convey his employés safely from their home to their work and return at his own expense, and had entered into a special contract with the railroad company to carry out the obligation thus assumed by him, we know of no reason why he should not be held responsible for such agent's negligence.

Respondent cites many cases bearing upon the relation of independent contractor, among which are the following Utah cases: *Callahan* v. *Salt Lake City,* 41 Utah, 300, 125 Pac. 863; *Dayton* v. *Free,* 46 Utah, 277, 148 Pac. 408; *Wooton* v. *Dragon Con. M. Co.,* 54 Utah, 459, 181 Pac. 597; *Stricker* v. *Ind. Comm.,* 55 Utah, 603, 188 Pac. 849, 19 A. L. R. 1159, and cases cited.

Without attempting to review these cases, it is sufficient to say they are all distinguishable from the case at bar, as will clearly appear upon a casual examination of the cases.

The court is of opinion that the relation of independent contractor as between plaintiff and defendant has no application in the instant case, and that therefore the instruction complained of was error, and that the plaintiff was prejudiced thereby.

Appellant also assigns as error instructions Nos. 11 and 12, in which the court attempts to state the law as to assumption of risk. Without quoting the instructions, it is sufficient to say that the law pertaining to assumption of risk has no application in the instant case. Especially is that true in view of the fact that we have found there was no evidence of defendant's negligence in overloading the car or in the employment of an unskillful or incompetent driver. The accident occurred suddenly and

without warning, and plaintiff had no opportunity whatever to guard against it. Besides this, plaintiff was not at the time of the accident engaged in her regular employment, but was being conveyed to her home under a contract with defendant to convey here safely.

Appellant refers to many cases in support of the proposition that an instruction is improper which relates to matters outside the issues, or as to which there is no substantial evidence. It is not necessary to cite the authorities as the proposition is elementary.

Appellant also assigns as error the refusal of the court to instruct as requested in her request No. 1. This requested instruction was to the effect that it was the duty of the driver of the car to exercise such care as ordinarily careful and prudent persons are accustomed to exercise in their own affairs when doing a like business and under similar circumstances to safely carry plaintiff to her place of destination, and, if the jury believed from the evidence that the driver of the car failed to use such care, and so negligently ran and managed the same that it was upset, and was the proximate cause of plaintiff's injury, the jury should find for the plaintiff. We are of opinion that plaintiff was entitled to an instruction similar in substance to the one requested, and, inasmuch as it does not appear that the instructions given by the court cover the matter included in the request, the refusal to give the request was prejudicial error.

Error is also assigned for the refusal of numerous other requests which the court is of opinion should have been given, but in view of the doctrine enunciated in our review of the questions already considered it is not probable that the errors complained of as to the remaining requests will be repeated in a subsequent trial of the case. Numerous errors are also relied on by appellant respecting the admission and rejection of evidence and especially as to limitations upon plaintiff's cross-examination of the witness Carlyle Maw. While we are of opinion the court should have allowed plaintiff greater latitude in the cross-examination of the witness, yet the questions propounded were not of suf-

Appeal from Fourth District

ficient materiality to constitute prejudicial error. The same may be said as to the rejection of certain evidence offered by the plaintiff.

For the reasons stated, the judgment is reversed, and the cause remanded, with directions to grant the plaintiff a new trial at respondent's cost.

GIDEON, FRICK, and CHERRY, JJ., and HANSEN, District Judge, concur.

WEBER, C. J., did not participate herein.