MONTGOMERY WARD & CO., Incorpo-
rated, an Illinois Corporation,
Appellant,

v.

Fount FURLONG;  and H. V. Highley,
Administrator of Veterans' Affairs,
Appellees.

No. 4976.

United States Court of Appeals,
Tenth Circuit.

Feb. 9, 1955.

Rehearing Denied March 16, 1955.

Fisher Ames, Oklahoma City, Okl.
(Ames, Daugherty, Bynum & Black, Ok-
lahoma City, Okl., on the briefs), for
appellant.

Paul C. Duncan, Oklahoma City, Okl.
(Clayton B. Pierce, Oklahoma City, Okl.,
and James W. Batchelor, Durant, Okl.,
on the brief), for Fount Furlong.

Frank D. McSherry, U. S. Atty., Muskogee, Okl. (Harry G. Fender, Asst. U. S. Atty., Muskogee, and Paul M. Brewer, Asst. U. S. Atty., Wewoka, Okl., on the brief), for H. V. Highley.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Furlong brought this action against Montgomery Ward & Co., Inc.,[1] to recover damages for personal injuries resulting from an automobile accident.[2] From a judgment in favor of Furlong for $32,500, Ward has appealed.

Furlong was employed by Ward as a salesman in the plumbing fixtures department of its retail store in Durant, Oklahoma. In addition to his duties as salesman, Furlong made estimates of prices for installation of plumbing and other sanitary facilities for houses and other establishments. In performing the latter duties, Furlong was required to do considerable driving in Durant and surrounding communities. On the morning of June 14, 1951, Owens, acting manager of Ward, had a discussion with Furlong with respect to the latter going to Colbert, Oklahoma, to figure a plumbing installation job for a prospective customer. Upon being advised by Furlong that his car would not be available that day, Owens replied, "I'll make arrangements to take you down there and bring you back." About 3:00 p. m. of the same day Owens again took the matter up with Furlong and said: "I have made arrangements with Mr. Martin to come around 5:00 o'clock and take you to Colbert to figure that job. You can have everything ready." Owens directed Furlong to proceed to Colbert by means of the transportation he had arranged with Martin and gave him specific instructions in regard to the job specifications. Martin owned a plumbing business in Durant, Oklahoma. He

was not employed by Ward, but he received six per cent trade discount for merchandise sold by Ward through him. He also received the labor costs for plumbing installed by him directly from the customer. Martin testified that he agreed with Owens to transport Furlong to Colbert, Oklahoma, and return, and did so at the specific request of Owens, and that he would not have transported Furlong to Colbert had not Owens arranged with him to do so.

Pursuant to the above-stated arrangement, Furlong and Martin left Ward's store in Martin's pickup truck about 5:00 p. m., June 14, 1951. When they had reached a point about one and one-half miles from Colbert, while rounding a curve in the highway at a speed of about 50 miles per hour, the right front wheel of the truck left the paved portion of the highway. The vehicle traveled approximately 30 or 40 feet with the right front wheel off the pavement on the shoulder. In attempting to turn the truck back onto the pavement, Martin lost control and collided with an oncoming car, causing the accident which resulted in physical injuries to Furlong.

As a result of such injuries Furlong was confined at the Durant Hospital for a period of 22 days and thereafter at the Veterans' Hospital at McKinney, Texas, for a period of 118 days.

On March 23, 1954, and after the instant case had been removed to the United States District Court, Furlong executed to the Administrator of Veterans' Affairs an assignment of any claim he then had, or which might thereafter accrue to him, against Ward, "to the extent" of the amount incurred by him for care and treatment at the Veterans' Hospital.

On April 15, 1954, the United States Attorney filed a motion for judgment in favor of the United States against Ward for $2295.25, with interest at six per cent per annum from April 9, 1954,

1. Hereinafter called Ward.

2. The case was commenced in a state court of Oklahoma and duly removed to the United States District Court for the Eastern District of Oklahoma.

until paid. Attached to the motion was a copy of the assignment, an application to intervene signed by the Administrator of Veterans' Affairs and by the United States Attorney, an unsigned order of intervention, and a petition in intervention. The petition in intervention set out an itemized statement of the amount due the Veterans' Administration for care and treatment of Furlong for two periods: one of 103 days and one of 15 days, aggregating $2295.25. In the motion it was alleged that on April 9, 1954, counsel for the intervenor advised counsel for Ward that he had prepared an application for leave to intervene in the action and a petition for intervention and that the United States desired to intervene in the action for the purpose of obtaining judgment on the assignment; that counsel for Ward stated that he had serious objection to the filing of the petition in intervention, for the reason that it would prejudice Ward's defense, and stated that if the United States would refrain from intervening, in the event Furlong recovered a judgment against Ward, it would pay the amount due the Veterans' Administration.

On April 9, 1954, the clerk entered a judgment on the verdict of the jury in favor of Furlong against Ward for $32,500. Thereafter, on May 11, 1954, the court entered a judgment on the motion in favor of the United States for $2295.25, with interest at six per cent per annum from May 7, 1954, until paid.

At the trial Furlong introduced proof that he had incurred $483.00 for private hospital and medical expenses and $2295.25 for care and treatment at the Veterans' Hospital, and he was permitted to amend his pleading to conform to that proof.

■ It is clear on this record that Ward has been subjected to a double recovery, one in favor of Furlong and one in favor of the United States for the care and treatment of Furlong at the Veterans' Hospital amounting to $2295.25. While we think the court properly entered judgment in favor of the United States on the motion, clearly, Ward was entitled to be subrogated to the claim of the United States under the assignment, and the court should have modified the judgment in favor of Furlong by reducing it in the amount of the judgment awarded the United States.

While the United States did not formally intervene in the action, after the judgment in favor of Furlong was entered it did file its motion in the main case, and its motion was entertained by the court. That amounted, in substance, to an intervention.

■ Whatever the relationship may have been between Ward and Martin, with respect to injuries to Martin or third persons, we think it clear under the evidence that in transporting Furlong to Colbert for the purpose of Furlong discharging his duties as employee of Ward, under a specific arrangement entered into between Ward and Martin, the relationship was that of principal and agent.[3]

■ It is settled law in Oklahoma that where a master enters into an agreement with his employee to transport him to his place of work, the master owes the employee a nondelegable duty to furnish him with reasonably safe transportation and to exercise ordinary care to protect his employee from injury during such transportation, and that the master is liable to the employee for injuries proximately caused by the failure of the master's agent to exercise ordinary care in carrying out such transportation. Cushing Refining & Gasoline Co. v. Deshan, 149 Okl. 225, 300 P. 312, 317; Sears, Roebuck & Co. v. Robinson, 183 Okl. 253, 80 P.2d 938, 939. In the cited cases the court held that the fellow servant doctrine was not a defense to an action brought by the em-

3. Riding v. Roylance, 63 Utah 221, 224 P. 885, 887, 888; Khoury v. Edison Electric Illuminating Co., 265 Mass. 236, 164 N.E. 77, 78, 60 A.L.R. 1159; Rothchild Bros. v. Northern Pac. Ry. Co., 68 Wash. 527, 123 P. 1011, 1014, 40 L.R.A.,N.S., 773.

ployee to recover for injuries caused by the negligence of the master's agent while transporting the master's servant. In the last cited case the court said: "Under the view we take of the case, * * * it becomes unnecessary to determine whether Clem and plaintiff were fellow servants at the time of the accident," and in Syllabus 2, by the court, which in Oklahoma is the law of the case, the court said:

> "Where the obligation, by contract or custom, rests upon the master to transport his servant to and from work, it is the master's nondelegable duty to use ordinary care to safely transport the servant. The negligence of the servant driving the car used to supply such transportation is the negligence of the master."

We do not regard Stout v. Schell, 206 Okl. 153, 241 P.2d 1109, relied on by counsel for Ward, to be to the contrary. In that case, one Bell was employed by the defendant as a truck driver and the plaintiff was employed by the defendant as Bell's helper. It was not a case where a master, by contract or in accordance with custom, had undertaken to transport a servant from or to the servant's place of work. Rather, it was a case where two employees were engaged together in carrying out the master's business at the time of the accident. Here, at the time of the accident Furlong was not engaged with Martin in performing any duties as employee. He was riding as a passenger in a conveyance arranged for by Ward to transport him to the place of work.

The court gave a proper instruction on the subject of the relationship of agency between Ward and Martin. Agency was established by uncontradicted proof. In view of that fact, the submission of an additional instruction on a joint adventure by Furlong and Martin was nonprejudicial.

The judgments are affirmed, but the cause is remanded, with instructions

that if Ward pays the judgment in favor of the United States, Ward will then be subrogated to the claim of the United States under the assignment, and the amount paid on the judgment of the United States shall be credited on the judgment in favor of Furlong.